IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, </br></br>　　　　Plaintiff, </br></br>　　v. </br></br>UNITED STATES, </br></br>　　　　Defendant, | Case No. 24-00101 |

## **ORDER**

Upon consideration of defendant's partial motion to dismiss, it is hereby

ORDERED that the motion is granted and, it is further

ORDERED that all of the exclusion request challenges in the complaint of the plaintiff, Prysmian Cables and Systems USA, LLC, except the challenges concerning Request Numbers 261115 and 261137, are dismissed.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE

Dated: _____
　　　New York, N.Y.

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, | Case No. 24-00101 |

## DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to United States Court of International Trade Rule 12(b)(6), defendant, the United States, respectfully requests that the Court partially dismiss the complaint filed by plaintiff, Prysmian Cables and Systems USA, LLC (Prysmian). We also respectfully request that the Court stay the current deadline for filing a scheduling order until the Court decides this motion.[1]

This is a case in which Prysmian challenges 18 of the Department of Commerce's (Commerce) decisions to deny its exclusion requests for certain types of aluminum-based cables. As we explain below, all but two of these challenges are untimely under 28 U.S.C. § 2636(i) and warrant dismissal.

---

[1] In particular, we request that the Court stay the deadline to provide a jointly proposed briefing schedule, given that resolution of this motion could affect both the size of the record and what matters require briefing.

FACTUAL BACKGROUND

Section 232 of the Trade Expansion Act of 1962 is a national security statute. It empowers the President (subject to certain conditions) to impose trade measures when the President determines that such action "must be taken to adjust imports of [an] article and its derivatives so that such imports will not threaten to impair the national security." *See* 19 U.S.C. § 1862(c)(1)(A)(ii).

In March 2018, the President took action under Section 232 to impose a 10 percent tariff on aluminum imports. Compl. ¶ 1. He did so based upon a finding (and his concurrence) that imports of aluminum threatened to impair the national security. *See Adjusting Imports of Aluminum Into the United States, Pres. Proc*. No. 9704, Fed. Reg. 11,619 (Mar. 8, 2018). Within that Proclamation, however, the President also directed the Secretary of Commerce to allow exclusions to his Proclamation for aluminum products that are otherwise not immediately available in the United States in sufficient quality or quantity. Compl. ¶ 1. Commerce thereafter established an exclusion adjudication mechanism whereby importers could request exclusions for purportedly eligible products, and Commerce would decide those requests on a case-by-case basis. *See* 15 C.F.R. pt. 705, supp. 1.

The plaintiff in this case is Prysmian, a conductive cable manufacturer. Compl. ¶ 3. Between 2018 and 2021, Prysmian submitted 18 separate requests to Commerce to obtain exclusions for certain imported conductive cable products. Compl. ¶ 43 (table listing filing dates of each of its requests). Commerce separately and independently denied 16 of 18 of these requests in decisions dated between May 4, 2019 and April 6, 2022. *See id*. (table listing

2

decision dates on each of Prysmian's requests).  Commerce denied Prysmian's last two requests on July 31, 2022 and February 12, 2023, respectively.[2]  *See id*.

On June 7, 2024, Prysmian filed a 37-page complaint challenging each of Commerce's 18 denials under 28 U.S.C. § 1581(i).  ECF No. 2.

## ARGUMENT

Any claim brought under subsection 1581(i) is "barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues."  28 U.S.C. § 2636(i); *C.B. Imports Transamerica Corp. v. United States*, 35 C.I.T. 1750, 1753, 807 F. Supp. 2d 1350 (2011) ("Actions brought pursuant to § 1581(i) must be brought 'within two years after the cause of action first accrues.'").  Although the two-year statute of limitations is "not jurisdictional," *Ford Motor Co. v. United States*, 811 F.3d 1371, 1373–74 (Fed. Cir. 2016), it remains a mandatory claim-processing rule that, if properly raised, is "unalterable," *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15, (2005)) (discussing the impact of "a mandatory claim-processing rule").

An accrual date is measured from the point when the injured party "reasonably should have known about the existence of a claim."  *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977-78 (Fed. Cir. 1994); *see Reed v. Goertz*, 143 S. Ct. 955, 961 (2023) ("As a general matter, the statute of limitations begins to run when the plaintiff has a 'complete and present cause of action.'") (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal*., 522 U.S. 192, 201 (1997)).  Or as put recently by the Supreme Court, it is "unquestionably the traditional rule" that "[a]bsent other indication, a statute of limitations

---

[2] Notice is provided to the requestor through a publicly posted electronic decision on Commerce's Section 232 website.  15 C.F.R. § Pt. 705, Supp. 1(h)(2)(i).

begins to run at the time the plaintiff 'has the right to apply to the court for relief.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2451 (2024) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment).

Here, the running of the statute of limitations is apparent on the face of the complaint. Prysmian's claims for 16 of the 18 denials accrued between May 4, 2019 and April 6, 2022, when Commerce published its decisions denying the exclusion requests. Compl. ¶ 43. Prysmian cannot reasonably dispute that, as of those dates, it knew of the existence of its claims, which were evident on the face of the denials. Because each of them predate the filing date of the complaint by more than two years, those 16 challenges are facially untimely and warrant dismissal under 28 U.S.C. § 2636(i).

Although the complaint does not allege any facts or law to excuse its untimeliness, Prysmian may request some form of equitable tolling. But such relief can only be established where a litigant can prove: "(1) that [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstance stood in [its] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 & n.2 (2016) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010) and assuming without deciding that equitable tolling is available in non habeas cases). *Accord K.G. v. Sec'y of Health & Human Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2021) (remanding for lower court to consider effect of claimant's mental incompetence on diligence and extraordinary circumstances determinations).

Prysmian provides no reason why the extraordinary remedy of equitable tolling should apply in this instance, *see generally* Compl., nor are we aware of any. *See Menominee*, 577 U.S. at 255 n.2 (to invoke equitable tolling a litigant must demonstrate that "the circumstances that caused [its] delay are both extraordinary *and* beyond its control").

CONCLUSION

For these reasons, we respectfully request that the Court dismiss all but two of Prysmian's exclusion request challenges (concerning Request Numbers 261115 and 261137) and suspend any further proceeding in this case pending resolution of this motion.

                                  Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Principal Deputy Assistant Attorney General

                                  PATRICIA M. McCARTHY
                                  Director

                                  /s/ Tara K. Hogan
                                  TARA K. HOGAN
                                  Assistant Director

                                  /s/ Meen Geu Oh
                                  MEEN GEU OH
                                  Senior Trial Counsel
                                  Department of Justice
                                  Civil Division
                                  Commercial Litigation Branch
                                  P.O. Box 480, Ben Franklin Station
                                  Washington, D.C. 20044
                                  Tel.: (202) 307-0184
                                  Email:  Meen-Geu.Oh@usdoj.gov

August 2, 2024                        *Attorneys for Defendants*