IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants, | Case No. 24-00101 |

# **ORDER**

Upon consideration of the defendants' motion to partially dismiss plaintiff's first amended complaint, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that all of the exclusion request challenges in the first amended complaint based on 5 U.S.C. § 706(1) (Counts I-VIII) are dismissed for failure to state a claim; and it is further

ORDERED that all of the exclusion request challenges in the first amended complaint based on 5 U.S.C. § 706(2) (Counts IX-XVI), except the challenges concerning Request Numbers 261115 (Counts XV) and 261137 (Count XVI), are dismissed as barred by the statute of limitations.

_____
                                                                    JUDGE

Dated: _____
          New York, N.Y.

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants, | Case No. 24-00101 |

DEFENDANTS' MOTION TO PARTIALLY
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to United States Court of International Trade (USCIT) Rule 12(b)(6), defendants, the United States and the Secretary of Commerce, respectfully request that the Court partially dismiss the first amended complaint (Am. Compl.) filed by plaintiff, Prysmian Cables and Systems USA, LLC (Prysmian). We also respectfully request that the Court continue its stay of the deadline for the parties to submit a proposed briefing schedule until the Court decides the motion to dismiss.[1]

This is a case in which Prysmian challenges 17 of the Department of Commerce's (Commerce) decisions to deny its exclusion requests for certain types of aluminum-based cables. Prysmian also challenges Commerce's alleged failure to act as to all 17 requests. As we explain

---

[1] When we filed our first motion to dismiss, the Court stayed the parties' deadline to file a jointly proposed briefing schedule in this case, given that resolution of the motion could affect both the size of the administrative record and what matters require briefing. *See* ECF No. 10. We request that the Court continue that stay. Based on email correspondence with counsel for Prysmian, Brad Keeton, on October 18, 2024, Prysmian consents to this request to continue the stay.

below, because Commerce denied each request, Prysmian's claims challenging Commerce's alleged inaction fail as a matter of law. Further, all but two of the challenges to Commerce's denial of Prysmian's exclusion requests are untimely under 28 U.S.C. § 2636(i) and warrant dismissal.

## FACTUAL BACKGROUND

Section 232 of the Trade Expansion Act of 1962 is a national security statute. It empowers the President (subject to certain conditions) to impose trade measures when the President determines that such action "must be taken to adjust imports of [an] article and its derivatives so that such imports will not threaten to impair the national security." *See* 19 U.S.C. § 1862(c)(1)(A)(ii).

In March 2018, the President took action under Section 232 to impose a 10 percent tariff on aluminum imports. Am. Compl. ¶ 1. He did so based upon the Secretary of Commerce's finding (and his concurrence) that imports of aluminum threatened to impair the national security. *See Adjusting Imports of Aluminum Into the United States, Pres. Proc*. No. 9704, Fed. Reg. 11,619 (Mar. 8, 2018). Within that Proclamation, the President also directed the Secretary of Commerce to allow exclusions to his Proclamation for aluminum products that are otherwise not immediately available in the United States in sufficient quality or quantity. Am. Compl. ¶ 1. Commerce thereafter established an exclusion adjudication mechanism whereby importers could request exclusions for purportedly eligible products, and Commerce would decide those requests on a case-by-case basis. *See* 15 C.F.R. pt. 705, supp. 1.

The plaintiff in this case is Prysmian, a conductive cable manufacturer. Am. Compl. ¶ 3. Between 2018 and 2021, Prysmian submitted 17 separate requests to Commerce to obtain exclusions for certain imported conductive cable products. Am. Compl. ¶ 46 (table listing filing

dates of each of its requests). Commerce separately and independently denied 15 of 17 of these requests in decisions dated between May 4, 2019 and April 6, 2022. *See id.* (table listing decision dates on each of Prysmian's requests). Commerce denied Prysmian's last two requests on July 31, 2022 and February 12, 2023, respectively.[2] *See id.*

On June 7, 2024, Prysmian filed its complaint challenging each of Commerce's 17 denials under 28 U.S.C. § 1581(i). ECF No. 2. In its original complaint, Prysmian asserted claims for each denial, alleging that the denials were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, warranting relief under 5 U.S.C. § 706(2). *Id.* at 29-36. In response, we moved to dismiss Prysmian's complaint with respect to 15 of the 17 denials at issue. ECF No. 9. We argued that Prysmian's claims with respect to those 15 denials are untimely. Prysmian then amended its complaint. ECF No. 16. Rather than removing the untimely claims from its complaint, Prysmian added a claim for all 17 requests that Commerce "unlawfully withheld or unreasonably delayed" agency action, warranting relief under 5 U.S.C. § 706(1). Am. Compl. ¶¶ 82-121 (Counts I-VIII). Prysmian continues to also assert that each of Commerce's denials was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.* ¶¶ 122-169 (Counts IX-XVI).

As we demonstrate below, the complaint fails to state a claim for relief under 5 U.S.C. § 706(1) because Prysmian does not allege that Commerce failed to take a discrete action. Further, Prysmian's claims with respect to 15 of the 17 denials continue to be untimely and should be dismissed.

---

[2] Notice is provided to the requestor through a publicly posted electronic decision on Commerce's Section 232 website. 15 C.F.R. § Pt. 705, Supp. 1(h)(2)(i).

ARGUMENT

I.   Standard Of Review

The Court must dismiss a complaint that does not plausibly give rise to an entitlement to relief.  USCIT Rule 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint," *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a "legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant," *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013), but need not accept legal conclusions contained in the same allegations.  *Twombly*, 550 U.S. at 555.

II.   Prysmian's Claims Under 5 U.S.C. § 706(1) Fail On The Pleadings

When reviewing a case under the Administrative Procedure Act (APA), a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1). The Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take." *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).  Notably, and indeed dispositively, "a failure to act is not the same thing as a denial." *Id.* at 63 (internal quotations omitted).  As the Supreme Court explained, a denial "is the agency's act of saying no to a request," whereas a failure to act "is simply the omission of an action without formally rejecting a request." *Id.*

Here, Prysmian's claims that Commerce "unlawfully withheld or unreasonably delayed" agency action must fail as a matter of law because Prysmian acknowledges that Commerce did

take action by denying its exclusion requests. Am. Compl. ¶ 46 (setting forth the denial date for each of Prysmian's requests). The fact that Commerce denied each of Prysmian's requests, a fact that Prysmian concedes in its complaint, forecloses, as a matter of law, its claims based upon § 706(1).

To be sure, Prysmian disagrees with Commerce's denial decisions. But section 706(1) only empowers a court to compel an agency "to take action upon a matter, without directing *how* it shall act." *Norton*, 542 U.S. at 64 (emphasis in original). Thus, even if Prysmian's theory is that Commerce failed to act because it reached the wrong conclusion on Prysmian's exclusion requests, Prysmian's claims cannot be based on 5 U.S.C. § 706(1) because that section cannot be invoked to direct a particular outcome.

This case is similar to *Sea Shepherd New Zealand v. United States*, where this Court dismissed a section 706(1) claim because the plaintiffs were challenging the denial of relief, rather than the failure to take agency action. 606 F. Supp. 3d 1286, 1308-10 (Ct. Int'l Trade 2022). In *Sea Shepherd*, the National Oceanic and Atmospheric Administration (NOAA) denied the plaintiffs' petition for emergency rulemaking to ban certain imports of fish and fish products from New Zealand. *Id.* at 1307. The plaintiffs challenged the denial under section 706(1) as unlawfully withholding action and under section 706(2) as arbitrary and capricious. *Id.* The Court dismissed plaintiffs' section 706(1) claim, holding that NOAA did not fail to act, but instead had "said no to plaintiffs' request." *Id.* at 1309 (cleaned up). To assess whether NOAA properly denied the plaintiffs' petition would require an analysis under section 706(2). *Id.* at 1310. Accordingly, because the Supreme Court has held that a denial does not fall within the purview of a failure to act claim, the Court dismissed plaintiffs' claim. *Id.* Prysmian likewise challenges final agency action by Commerce (the denials of its exclusion requests), rather than

5

Commerce's failure to act on those requests. These challenges are properly considered under section 706(2), not section 706(1).

In short, Prysmian's claims relate to the merits of Commerce's denials of its exclusion requests, rather than Commerce's failure to act on the requests. Accordingly, Prysmian's claims based on 5 U.S.C. § 706(1) (Counts I-VIII) should be dismissed for failure to state a claim.

III.     Prysmian's Claims For 15 Of The 17 Exclusion Requests Should Be Dismissed As Untimely

As explained above, Prysmian's claims based upon 5 U.S.C. § 706(1) must be dismissed because Commerce took final agency action (denial) for all 17 of its exclusion requests. Further, Prysmian's claims seeking judicial review under section 706(2) for 15 of the 17 exclusion requests must also be dismissed because Prysmian's claims are not timely.

Any claim brought under subsection 1581(i) is "barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues." 28 U.S.C. § 2636(i); *C.B. Imports Transamerica Corp. v. United States*, 35 C.I.T. 1750, 1753, 807 F. Supp. 2d 1350 (2011) ("Actions brought pursuant to § 1581(i) must be brought 'within two years after the cause of action first accrues.'"). Although the two-year statute of limitations is "not jurisdictional," *Ford Motor Co. v. United States*, 811 F.3d 1371, 1373-74 (Fed. Cir. 2016), it remains a mandatory claim-processing rule that, if properly raised, is "unalterable," *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15, (2005)) (discussing the impact of "a mandatory claim-processing rule").

An accrual date is measured from the point when the injured party "reasonably should have known about the existence of a claim." *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977-78 (Fed. Cir. 1994); *see Reed v. Goertz*, 143 S. Ct. 955, 961 (2023) ("As a general matter, the statute of limitations begins to run when the plaintiff has a 'complete and

6

present cause of action.'") (citing *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Or as put recently by the Supreme Court, it is "unquestionably the traditional rule" that "[a]bsent other indication, a statute of limitations begins to run at the time the plaintiff 'has the right to apply to the court for relief.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2451 (2024) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment)).

Here, the running of the statute of limitations is apparent on the face of the amended complaint. Prysmian's claims for 15 of the 17 denials accrued between May 4, 2019 and April 6, 2022, when Commerce published its decisions denying Prysmian's exclusion requests. Compl. ¶ 46. Prysmian cannot reasonably dispute that, as of those dates, it knew of the existence of its claims, which were evident on the face of the denials. Because each of the 15 denials predates the filing date of the complaint (June 7, 2024) by more than two years, those 15 challenges are facially untimely and warrant dismissal under 28 U.S.C. § 2636(i).[3]

Although the amended complaint does not allege any facts or law to excuse its untimeliness, Prysmian may request some form of equitable tolling.[4] But such relief can only be established where a litigant can prove: "(1) that [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstance stood in [its] way and prevented timely

---

[3] Specifically, the Court should dismiss Counts IX-XV of the amended complaint. We note, however, that Count XV challenges two exclusion requests – Request No. 261098 and Request No. 261115. Although Request No. 261098 is untimely because Commerce denied the request on April 6, 2022, Request No. 261115 is one of the two requests that we do not argue is untimely. Accordingly, only the portion of Count XV relating to Request No. 261098 should be dismissed.

[4] Notably, even after raising the same untimeliness argument in our original MTD, *see* ECF No. 9, Prysmian still does not address or acknowledge their untimeliness in their amended complaint.

filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 & n.2 (2016) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010) and assuming without deciding that equitable tolling is available in non habeas cases); *accord K.G. v. Sec'y of Health & Human Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2021) (remanding for lower court to consider effect of claimant's mental incompetence on diligence and extraordinary circumstances determinations).

Prysmian provides no reason why the extraordinary remedy of equitable tolling should apply in this instance, *see generally* Am. Compl., nor are we aware of any. *See Menominee*, 577 U.S. at 255 n.2 (to invoke equitable tolling a litigant must demonstrate that "the circumstances that caused [its] delay are both extraordinary *and* beyond its control").

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss all of Prysmian's claims under 5 U.S.C. § 706(1). We likewise request that the Court dismiss all but two of Prysmian's exclusion request challenges (concerning Request Numbers 261115 and 261137) based on 5 U.S.C. § 706(2) and suspend any further proceeding in this case pending resolution of this motion.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Kyle S. Beckrich
KYLE S. BECKRICH
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-9322
Email:  Kyle.Beckrich@usdoj.gov

October 25, 2024                                *Attorneys for Defendants*