UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS, USA, LLC<br><br>                Plaintiff,<br><br>    - against -<br><br>UNITED STATES<br><br>and<br><br>GINA RAIMONDO, *in her official capacity as Secretary of Commerce*,<br><br>                Defendants. | Case No.   24-00101 |

**RESPONSE IN OPPOSITION TO DEFENDANT UNITED STATES'
MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Prysmian Cables and Systems, USA, LLC ("Prysmian"), by counsel, for its Response (the "Response") to Defendant United States' Motion to Partially Dismiss Plaintiff's First Amended Complaint (the "Motion"), states as follows:

Prysmian, a manufacturer of conductive cable, applied to the Department of Commerce (the "Department") for narrowly tailored exclusions from tariffs on aluminum products it uses to manufacture cables that provide essential conductive connectivity critical to various electrical power applications in the United States.[1] Despite clear and unequivocal evidence demonstrating Prysmian's entitlement to the exclusions, the Department improperly denied Prysmian's requests

---

[1] Certain of the exclusion requests at issue in this litigation were submitted by Prysmian's former sister company, General Cable Industries, Inc. ("General Cable"). General Cable merged into Prysmian on January 1, 2022, and Prysmian is, therefore, the successor-in-interest to General Cable. For ease of review, this Response uses the term "Prysmian" to refer both to Prysmian and, where applicable, General Cable.

and, to this day, persists in its unlawful refusal to grant Prysmian the tariff exclusions to which it is entitled.

First, the Department failed to perform legally required actions in the course of responding to Prysmian's requests. Specifically, the Department failed to apply legally mandated eligibility criteria to the record evidence, to issue reasoned decisions responsive to the facts presented, and to notify Customs and Border Protection ("CBP") to refund tariffs previously paid. The Amended Complaint seeks relief from the Department's failures to act in these legally required ways pursuant to 5 U.S.C. § 706(1) (the "Section 706(1) claims"). Second, even if the Department was not legally mandated to carry out its statutory duties, its refusal to grant Prysmian's exclusion requests constitutes arbitrary and capricious actions pursuant to 5 U.S.C. § 706(2) (the "Section 706(2) claims") and the Administrative Procedures Act.

The United States, through its Motion, asks the Court to dismiss all of Prysmian's Section 706(1) claims, which it mischaracterizes as challenging "the denials of its exclusion requests, rather than Commerce's failure to act on those requests." Based on this mischaracterization, the Motion argues that Prysmian's Section 706(1) claims fail because the Supreme Court has stated that an agency's denial of a petition constitutes action rather than inaction redressable through Section 706(1). This argument fails, however, because it conflates Prysmian Section 706(2) claims, which challenge the Department's improper denials of Prysmian's exclusion requests, and its claims under Section 706(1), which challenge Defendants' failures to perform certain mandatory and discrete actions in responding to those requests.

The United States further seeks dismissal of all but two of Prysmian's Section 706(2) claims, arguing that they are barred by the two-year statute of limitations established by 28 U.S.C. § 2636(i). The Motion ignores, however, that while some of the denials occurred more than two

years before Prysmian initiated this action, the Department's ongoing and persistent refusal to grant Prysmian the exclusions to which it is unambiguously entitled persists to this day and is independently actionable. In any event, the Section 706(2) claims are governed by the six-year statute of limitations established by 28 U.S.C. § 2640—not by the two-year limitations period set by 28 U.S.C. § 2636(i). Accordingly, they are timely even if they accrued more than two years before Prysmian filed its original complaint.

For these and other reasons explained below, the Court should deny the Motion in its entirety.

## BACKGROUND

**I. Statutory and Regulatory Background.**

**A.** *In 2018, the President issued a Proclamation instituting a tariff on aluminum imports, subject to exclusions.*

In March 2018, the President, acting pursuant to Section 232 of the Trade Expansion Act of 1962 (19 U.S.C. § 1862), issued a proclamation imposing a 10% tariff on aluminum imports (the "Proclamation"). *See* Adjusting Imports of Aluminum Into the United States, Pres. Proc. No. 9704, Fed. Reg. 11,619 (Mar. 8, 2018). The Proclamation recognized that these tariffs could have unintended consequences for U.S. businesses that rely on imports of aluminum products not otherwise immediately available in the domestic market. *Id.* The Proclamation therefore expressly directed the Department to grant exclusions from these new Section 232 tariffs to U.S.-based businesses for imported aluminum products that are not immediately available in sufficient quality and quantity in the United States. *Id.* at 11,621. 25. The Proclamation also specified that exclusions should be granted where warranted by specific national security considerations. *Id.* The President further ordered that "the Secretary ***shall*** . . . notify Customs and Border Protection (CBP) of the

Department of Homeland Security concerning such article so that it will be excluded from the" tariff requirement. *Id.* (emphasis added).

### B. *The Department adopted a Rule implementing the Proclamation.*

In 2018, the Department adopted a rule (the "Rule") implementing the Proclamation. The Rule sets forth a procedure for affected parties to request tariff exclusions. *See* 15 C.F.R. pt. 705, supp. 1. It also establishes a process by which domestic producers of aluminum may object to an exclusion request on the basis that they are capable of promptly providing the imported product in the United States. *Id.* pt. 705, supp. 1(d)(4). Where an objector challenges a request, the Rule plainly and sensibly places the burden on the objector to demonstrate, with factual support, that it can produce the substitute product within the requisite timeframe. *Id.*

As required by the Proclamation, the Rule establishes mandatory criteria the Department must apply when determining whether to grant or deny exclusion requests, including an assessment of whether domestically produced substitute products of satisfactory quality are immediately available in sufficient quantities to meet the requester's needs and whether specific national security considerations warrant approval of an exclusion request notwithstanding the sufficiency of domestic stock. 15 C.F.R. § Pt. 705, Supp. 1(c)(6). After the Department has applied the requisite criteria to the facts presented, the Rule mandates that the Department must then prepare a decision memo "responsive" to the exclusion request, any objections to the exclusion request, and any rebuttals or surrebuttals. 15 C.F.R. § Pt. 705, Supp. 1(h)(2)(i).

For requesters that meet the eligibility criteria, the Department must grant the requested exclusions. 15 C.F.R. § Pt. 705, Supp. 1(c)(5)(i) ("An exclusion *will* . . . be granted if an article is not produced in the United States in a sufficient, reasonably available amount, and of a satisfactory quality, or for specific national security considerations.") (emphasis added); *see also* Pres. Proc No. 9704 § 3. The Department must also "provide CBP with information that will identify each

approved exclusion request" so that CBP can refund tariffs previously paid by requesters entitled to exclusions. 15 C.F.R. pt. 705, supp. 1(h)(3)(ii).

## II.     Factual Background.

Between 2018 and 2021, Prysmian submitted 17 narrowly tailored requests for exclusions from the tariffs on aluminum products it imported to manufacture conductive cable. (*See* Amended Complaint ¶ 46 (table with filing dates of each exclusion request).) A direct competitor of Prysmian, Southwire Company, LLC ("Southwire"), objected to every single exclusion request submitted by Prysmian. (*Id.* ¶ 48.) Southwire was joined in objecting to certain requests by two other companies. (*Id.* ¶¶ 47-48.)

The objectors generically and without evidence asserted that sufficient quantities of domestically produced aluminum rod were available to support the various orders for which Prysmian submitted exclusion requests. (*Id.* ¶¶ 51-56.) The objectors failed to provide specific written evidence demonstrating their ability to produce substitute products to satisfy Prysmian's needs within the requisite timeframe, as required by the Rule. *See* 15 C.F.R. pt. 705, supp. 1(d)(4). Prysmian rebutted each objection with uncontroverted evidence showing that, contrary to the objectors' unsubstantiated claims, the domestic supply of the aluminum products it needed, including supply from the objectors, was of an insufficient quantity and/or quality to meet its needs. (Amended Complaint ¶¶ 51-56.) Prysmian further showed that, for certain of its submissions, specific national security considerations warranted granting the request because a denial would have negative downstream effects on public utilities and domestic power generation and transmission infrastructure. (*Id.* ¶ 51-55.)

Despite clear and unequivocal evidence demonstrating Prysmian's entitlement to each exclusion it requested, the Department has failed and continues to fail to apply the legally mandated eligibility criteria to the facts presented and has refused to grant nearly all of Prysmian's

exclusion requests. (*Id.* ¶¶ 6, 7, 57.) The Department denied 15 of the 17 requests between May 4, 2019 and April 6, 2022, and it denied the remaining two requests on July 31, 2022 and February 12, 2023, respectively. (*Id.* ¶ 46.) With each denial, the Department issued a boilerplate decision memo that was not responsive to the facts presented and was rendered without any consideration of the evidence or a reasoned basis for the decision. (*Id.* ¶¶ 6, 7, 80.) The Department has also refused to notify CBP of Prysmian's entitlement to a refund of tariffs paid. (*Id.* ¶¶ 86, 91, 96, 101, 106, 111, 116, 121.)

Despite Prysmian's ongoing entitlement to the tariff exclusions it has requested, the Department persists in its refusal to apply mandatory eligibility criteria to Prysmian's requests, to issue a reasoned decision memo responsive to the facts presented, to grant Prysmian the exclusions to which it is unambiguously entitled, and to notify CBP of Prysmian's entitlement to a refund of tariffs paid.

## ARGUMENT

### I. Counts I through VIII challenge the Department's failures to act, not the Department's denials.

Prysmian brings Counts I through VIII under APA section 5 U.S.C. § 706(1), which authorizes this Court to compel Defendants to perform discrete and mandatory actions they have unlawfully withheld or unreasonably delayed. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

Prysmian's Section 706(1) claims assert that the Department has failed to perform the following legally required actions:

- **Apply mandatory criteria to the facts presented in Prysmian's exclusion requests:** The Rule requires that specific "criteria [be] used to review exclusion requests," including an assessment of whether domestically produced substitute products of satisfactory quality are immediately available in sufficient quantities to meet the requester's needs and whether specific national security considerations warrant approval of an exclusion request. 15 C.F.R. § Pt. 705, Supp. 1(c)(6).

6

- **Prepare a mandatory decision memo "responsive" to the exclusion requests:** After the Department has applied the requisite criteria to the facts presented, the Rule mandates that the Department must then prepare a decision memo "responsive" to the exclusion request, any objections to the exclusion request, and any rebuttals or surrebuttals. 15 C.F.R. § Pt. 705, Supp. 1(h)(2)(i).

- **Notify CBP of Prysmian's entitlement to an exclusion:** When an exclusion requester satisfies the regulatory criteria for obtaining a tariff exclusion, the Department must inform CBP of the requester's entitlement to the exclusion so that CBP may issue a refund of tariffs paid. Pres. Proc No. 9704 § 3; 15 C.F.R. § Pt. 705, Supp. 1(h)(3)(ii).

The Department lacks authority or discretion to decline to perform each of these discrete and mandatory actions. Despite its legal obligations, however, the Department has failed to act as required by law by "abandon[ing] the standards established by Proclamation 9704 and the [Rule]," "ignor[ing] the record evidence," and issuing "the same boilerplate" decision memos to Prysmian's exclusion requests that are not responsive to the facts presented. (Amended Complaint ¶¶ 6-7.) Additionally, the Department has refused to satisfy its duty "to notify CBP that a refund of the Section 232 tariff previously paid should be issued" despite Prysmian's unambiguous satisfaction of the eligibility criteria (Amended Complaint ¶¶ 6, 7, 86.) Prysmian seeks relief from these failures to act in Counts I through VIII.

The Motion mischaracterizes Prysmian Section 706(1) claims, arguing that they challenge "the denials of its exclusion requests, rather than Commerce's failure to act on those requests." (Motion at 5-6.) Based on this mischaracterization, the Motion argues that Prysmian's Section 706(1) claims fail because the Supreme Court has stated that an agency's denial of a petition constitutes action rather than inaction redressable through § 706(1). (Motion at 4-6.)

The United States' argument conflates Prysmian claims under Section 706(2), which challenge the Department's improper denials of Prysmian's exclusion requests, and its claims under Section 706(1), which challenge Defendants' failures to perform the mandatory and discrete

7

actions recited above. Because Prysmian's Section 706(1) claims properly challenge Defendants' failures to act, the United States' motion to dismiss those claims should be denied.

## II. Prysmian's Section 706(2) claims are timely.

In addition to its Section 706(1) claims, Prysmian asserts Counts IX through XVI under 5 U.S.C. 706(2), which authorizes this Court to "hold unlawful and set aside agency action" determined to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Specifically, Prysmian's Section 706(2) claims seek relief from the Department's improper denials of, and ongoing refusal to grant, Prysmian's exclusion requests, despite Prysmian's unambiguous satisfaction of the eligibility criteria.

The United States moves the Court to dismiss most of Prysmian's Section 706(2) claims as untimely, arguing that they are subject to a two-year statute of limitations established by 28 U.S.C. § 2636(i) and that they accrued more than two years before Prysmian initiated this lawsuit.[2] (Motion at 6-8.) The Court should deny the United States' motion to dismiss the Section 706(2) claims because even if the claims were governed by a two-year limitations period, they are timely under the continuing violation doctrine because the Department's unlawful conduct continues to this day. And, in any event, the Section 706(2) claims are governed by the six-year statute of limitations established by 28 U.S.C. § 2640—not by the two-year limitations period set by 28 U.S.C. § 2636(i)—and they are timely even if, as the United States argues, they accrued as early as May 2019.

---

[2] The Department does not seek the dismissal of the portion of Count XV relating to Request Number 26115 or the portion of Count XVI relating to Request Number 261137.

### A. Because the Department's unlawful conduct continues today, Prysmian's 706(2) claims are timely even if a 2-year limitations period applies.

Under the continuing violation doctrine, "if defendant engages in a continuing course of prohibited conduct and plaintiff's action is timely as to any act of that course of conduct, plaintiff will be allowed to litigate statutory violations within the limitations period and all preceding violations that are a part of that course of conduct." *United States v. Complex Mach. Works Co.*, 937 F. Supp. 943, 944 (Ct. Int'l Trade 1996); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("each time a plaintiff is injured by an act of the defendant[] a cause of action accrues to him to recover damages caused by that act and . . . , as to those damages, the statute of limitations runs from the commission of the act.").

The continuing violation doctrine "tethers conduct from both inside and outside the limitations period into one single violation that, taken as a whole, satisfies the applicable statute of limitations." *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Circuit 2019). The Court of International Trade recognizes the continuing violation doctrine, as illustrated by its decision in *Pat Huval Rest. & Oyster Bar, Inc. v. United States*, 547 F.Supp.2d 1352, 1360-62 (Ct. Int'l Trade 2008). That case involved a 2000 statute requiring Customs to make annual distributions of antidumping and countervailing duties collected from foreign producers to members of the competing domestic industry that satisfied the statutory eligibility criteria, as determined by the International Trade Commission (the "ITC"). *Id.* at 1355. In 2001, ITC created its first list of domestic producers eligible to receive distributions of the duties, excluding from the list certain domestic producers deemed not to satisfy the eligibility criteria. *Id.* at 1356. Customs, in turn, made distributions in accordance with ITC's list, excluding domestic producers not appearing on the list. *Id.*

Between 2001 and 2006, ITC declined requests by certain domestic producers to be added to the list of entities eligible to receive distributions of the duties. *Id.* Customs likewise declined to make distributions to these domestic producers. *Id.* In 2006, certain of the excluded domestic producers sued ITC and Customs, claiming that the criteria they employed to determine eligibility for the distributions were unconstitutional. *Id.* at 1357. The government moved to dismiss, arguing that the plaintiffs' claims accrued either in 2000, when the statute establishing the eligibility criteria was enacted, or in 2001, when the first list of domestic producers deemed eligible to receive the distributions was published, and were thus barred by the two-year limitations period established by 28 U.S.C. § 2636(i). *Id.* at 1359.

This Court rejected the government's arguments, finding the plaintiffs' claims timely under the continuing violation doctrine. *Id.* at 1360. Specifically, the Court reasoned that while "acts taken outside the statute of limitations period . . . may have been independently actionable, those earlier acts do not insulate from judicial scrutiny later developments by which the [allegedly unconstitutional eligibility criteria] deprived Plaintiffs of distributions while paying them to competitors." *Id.* at 1362. The Court found that the plaintiffs' claims were timely because "Plaintiffs allege that the [eligibility criteria] continues to violate their due process rights because they continue to be ineligible to receive . . . distributions . . . while their direct competitors receive such distributions." *Id.* at 1361.[3]

Applying the Court's reasoning in *Pat Huval* to the facts presented here, Prysmian's Section 706(2) claims are timely even if a 2-year limitations period applies because the Department's unlawful conduct continues today. As discussed above, both the Proclamation and

---

[3] While the Court also determined that certain claims related to administrative actions taken by the agencies were time-barred under a two-year limitations period, that holding was based on an earlier decision in the *Preminger* case discussed below, 498 F.3d 1265 (Fed. Cir. 2007), which was withdrawn and superseded on rehearing by 517 F.3d 1299 (Fed. Cir. 2008).

10

the Rule impose an affirmative duty on the Department to grant exclusions to requesters who satisfy the eligibility criteria set forth in the Rule. 15 C.F.R. § Pt. 705, Supp. 1(c)(5)(i); Pres. Proc No. 9704 § 3. Applying these eligibility criteria to the evidence in the record, the only reasonable conclusion that the Department could properly have reached with regard to each of the exclusion requests was that Prysmian could not obtain the aluminum rod in the domestic market in a sufficient quantity or quality on a timely basis to replace the aluminum rod it procured internationally.

Despite Prysmian's unambiguous satisfaction of the eligibility criteria, the Department has repeatedly and continuously refused to grant Prysmian the requested exclusions in violation of its legal obligations—not only when it initially denied the requests, but each day since that it has persisted in its refusal to grant Prysmian the exclusions to which it is clearly entitled. While the denials themselves may have been "independently actionable" just like the government's initial refusal to grant plaintiffs the distributions at issue in *Pat Huval*, "those earlier acts do not insulate from judicial scrutiny later developments by which" the Department has deprived Prysmian of tariff refunds through its ongoing refusal to grant Prysmian's exclusion requests. *See Pat Huval*, 547 F.Supp.2d at 1362; *see also Hamer, supra*, 924 F.3d at 1101 ("a public entity ***does*** commit a 'new violation' each day that it fails to remedy a non-compliant . . . activity."). This is especially so where, as here, the Department's continuing and ongoing wrongful refusal to grant the exclusion requests appear to be based primarily on the same verbatim and unsubstantiated objections made by the same Prysmian competitor, Southwire, to each of the exclusion requests.

Because the Department's violations of its legal obligation to grant Prysmian's exclusions requests persists to this day, none of Prysmian's Section 706(2) claims are barred even if a two-year statute of limitations applies. At minimum, a determination of this issue is improper at this

11

motion to dismiss stage. Prysmian believes that the administrative record and evidence that will be developed in discovery will show a pattern of the Department summarily accepting Southwire's generic, unsupported, and repeated objections without any analysis of the truth of those objections or consideration of Prysmian's responses thereto.

Put simply, the Department accepted the *exact same* objection from the *exact same party* at face value over and over, without any analysis, thereby engaging in a pattern of wrongful, arbitrary, and capricious conduct. This is exactly the type of conduct that triggers the continuing violation doctrine. The exclusion requests at issue here involve the same product, the same primary objector, and the same repeated and continuing failure of the Department to carry out even its most basic administrative duties. Prysmian has more than sufficiently pleaded that conduct in the Amended Complaint and believes that the administrative record and discovery will only further support what is already apparent on its face. Moreover, judicial economy further supports that the limitations period for the earlier claims should be tolled. *See, e.g.*, *Hercules v. U.S.*, 9 C.I.T. 83, 85 (Ct. Int'l. Trade 1985) ("judicial economy will be fostered by hearing all of plaintiff's claims together in a single action.").

**B.    Prysmian's Section 706(2) claims are governed by a six-year statute of limitations.**

Even if the continuing violation doctrine did not apply to Prysmian's Section 706(2) claims, they would still be timely because the claims are, in fact, governed by the six-year statute of limitations established by 28 U.S.C. § 2640—not, as the United States argues, by the two-year statute of limitations created by 28 U.S.C. § 2636(i).

28 U.S.C. § 1581(i)(1) grants this Court exclusive jurisdiction over Prysmian's claims, since they are asserted "against the United States, its agencies, or its officers" and "arise[] out of any law of the United States" related to tariffs imposed for reasons other than raising revenue.

Under 28 U.S.C. § 2640(e), which governs the "scope and standard of review" this Court must use to "make its determinations upon the basis of the record" in various categories of actions, "in any civil action not specified in this section"—which includes actions, like this one, brought under 28 U.S.C. § 1581(i)(1)—"the Court of International Trade shall review the matter *as provided in section 706 of title 5*"—i.e., the APA. (Emphasis added).

While the APA does not contain its own statute of limitations, claims asserted under the APA are generally subject to the statute of limitations established by 28 U.S.C. 2401(a), which provides that "every civil action against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *See Preminger v. Secretary of Veterans Affairs*, 517 F.3d 1299, 1307 (Fed. Cir. 2008). The Federal Circuit Court of Appeals has held that a statute that charges reviewing courts with applying the standards of the APA—like 28 U.S.C. § 2640(e) does for Prysmian's claims under 28 U.S.C. § 1581—are subject to the six-year statute of limitations established by 28 U.S.C. 2401(a). *Id.* ("We hold that the statute of limitations in section 2401 applies to actions under [the statute at issue].").[4]

Because Prysmian's claims are governed by a six-year statute of limitations, they are still timely even if, as the United States argues, they accrued as early as May 2019.

## CONCLUSION

The Department failed to perform legally required actions in the course of addressing Prysmian's exclusion requests by neglecting to apply legally mandated eligibility criteria to the record evidence, to issue reasoned decisions responsive to the facts presented, and to notify CBP to refund tariffs previously paid. These actions constitute violations of 5 U.S.C. § 706(1).

---

[4] While the action at issue in *Preminger* was rulemaking, the court's reasoning does not limit its conclusion regarding the applicability of the 6-year statute of limitations to review of agency rulemaking. Rather, the court's conclusion is based on the language of the statute that requires the reviewing court to review the agency's actions "in accordance with" the APA—language similar to that appearing in 28 U.S.C. § 1581(i)(1), which charges the Court of International Trade with reviewing Prysmian's claims "as provided in" the APA.

Even if the Department was not legally mandated to carry out its statutory duties, however, its refusal to grant Prysmian's exclusion requests constitutes arbitrary and capricious actions pursuant to 5 U.S.C. § 706(2) and the Administrative Procedures Act. Those claims are not time-barred because the Department's ongoing and persistent refusal to grant Prysmian the exclusions to which it is unambiguously entitled persists to this day and is independently actionable. Moreover, the Section 706(2) claims should be governed by the six-year statute of limitations established by 28 U.S.C. § 2640—not by the two-year limitations period set by 28 U.S.C. § 2636(i). Accordingly, they are timely even if they accrued more than two years before Prysmian filed its original complaint.

At minimum, the United States' motion is premature. Prysmian believes that the administrative record and additional evidence developed in discovery will demonstrate unequivocally that Prysmian is entitled to relief is seeks under both sections, and that its Section 706(2) claims are not time barred regardless of which limitations period is applied. This Court should deny the United States' motion so that Prysmian has the opportunity to review the administrative record and conduct necessary discovery, which Prysmian is confident will demonstrate that (1) the Department failed to carry out its legally mandated duties under Section 706(1), and (2) the Department's arbitrary, capricious, and ongoing denials are a continuing violation of Section 706(2).

Respectfully submitted,

*/s/Brad S. Keeton*
Brad S. Keeton
FROST BROWN TODD LLP
250 W. Main Street, Suite 2800
Lexington, KY 40507
(859) 231-0000
bkeeton@fbtlaw.com

*Counsel for Plaintiff Prysmian Cables and Systems, USA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

*/s/ Brad S. Keeton*
Counsel for Plaintiff Prysmian
Cables and Systems, USA, LLC

2799560.0783731   4855-5695-7437v6

15