IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendants, | Case No. 24-00101 |

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to United States Court of International Trade (USCIT) Rules 7(d) and 12(b)(6), defendants, the United States and the Secretary of Commerce, respectfully submit this reply in support of our motion to partially dismiss the first amended complaint (Am. Compl.) filed by plaintiff, Prysmian Cables and Systems USA, LLC (Prysmian).

In our motion, we explained that Prysmian's claims under 5 U.S.C. § 706(1), a section of the Administrative Procedure Act (APA) that allows a court to compel agency action unlawfully withheld or unreasonably delayed, fail because the Department of Commerce (Commerce) has taken final agency action by denying each of the exclusion requests at issue. We also demonstrated that, for Prysmian's claims challenging Commerce's denial of its exclusion requests, Prysmian's claims with respect to 15 of 17 of those requests must also be dismissed as untimely.

In response (Prysmian Resp.), Prysmian argues that its claims under 5 U.S.C. § 706(1) assert that Commerce failed to take action by failing to correctly adjudicate its exclusion

requests. Prysmian also argues its claims are subject to the "continuing violation doctrine" and thus did not accrue upon the date of Commerce's denials. Finally, Prysmian argues that its claims are timely because they are governed by 28 U.S.C. § 2640, which has a six-year statute of limitations. As shown below, each argument is wrong.

## ARGUMENT

I. Prysmian's Claims Under 5 U.S.C. § 706(1) Fail On The Pleadings Because Prysmian Challenges Commerce's Action, Not Its Inaction

As we explained in our motion to dismiss, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take." *Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). As the Supreme Court explained, a denial "is the agency's act of saying no to a request," whereas a failure to act "is simply the omission of an action without formally rejecting a request." *Id.* A denial, however, is not redressable under section 706(1), whereas a failure to act is. *Id.*

In its response, Prysmian argues that we conflate its claims under section 706(2), which challenge Commerce's denial of Prysmian's exclusions, with its claims under section 706(1), which challenge Commerce's failure to perform mandatory actions. We conflate the two because they are one in the same. The actions that Prysmian alleges that Commerce failed to take includes: (1) "apply mandatory criteria to the facts presented in Prysmian's exclusion requests"; (2) "prepare a mandatory decision memo 'responsive' to the exclusion requests"; and (3) "notify {United States Customs and Border Protection (CBP)} of Prysmian's entitlement to an exclusion." Prysmian Resp. at 6-7; *see also* Am. Compl. ¶¶ 86, 91, 96, 101, 106, 111, 116, 121 (alleging that Commerce "unlawfully withheld or unreasonably delayed agency action by refusing . . . to fully grant Prysmian the requested exclusion and to notify CBP that a full refund

of the Section 232 tariff previously paid should be issued."). These are only "inaction" because Prysmian disagrees with Commerce's decisions; they are not inaction because Commerce failed to act. Prysmian admits as much, stating that in its decisions that Commerce "abandoned the standards established by Proclamation 9704" and the relevant regulations, "ignored record evidence," and "issued 'the same boilerplate' decision memos to Prysmian's exclusion requests that are not responsive to the facts presented." Prysmian Resp. at 7 (cleaned up). Accordingly, despite Prysmian's arguments to the contrary, it does not actually allege that Commerce failed to take action, but rather that its action was wrong. Such a challenge fails under section 706(1). *Sea Shepherd New Zealand v. United States*, 606 F. Supp. 3d 1286, 1308-10 (Ct. Int'l Trade 2022).

Notably, if Prysmian were correct that Commerce had failed to take discrete action required by law, then the only remedy available would be for the Court to compel an agency "to take action upon a matter, without directing *how* it shall act." *Norton*, 542 U.S. at 64. Under section 706(1), the Court cannot grant the relief Prysmian seeks: reversal of Commerce's denial decisions. Moreover, if Prysmian were correct, then *every* challenge to agency action under section 706(2) could also be made under section 706(1). A party could simply claim that an agency, in making a decision that the party disagreed with, failed to take *correct* action, thus opening the door for a section 706(1) claim. Such a result would be contrary to the statute, binding precedent, and basic common sense.

II.     Prysmian's Claims For 15 Of The 17 Exclusion Requests Should Be Dismissed As Untimely

As explained in our motion, Prysmian's claims seeking judicial review under section 706(2) for 15 of the 17 exclusion denials must also be dismissed because Prysmian's claims are not timely. Specifically, Prysmian's complaint challenging the 15 denials was filed outside of 28

U.S.C. § 2636(i)'s two-year statute of limitations, which is the time limit applicable to claims brought under 28 U.S.C. § 1581(i). *C.B. Imports Transamerica Corp. v. United States*, 35 C.I.T. 1750, 1753 (2011) ("Actions brought pursuant to § 1581(i) must be brought 'within two years after the cause of action first accrues.'").

Prysmian contends that its claims are subject to the "continuing violation doctrine" and thus did not accrue upon Commerce's denials. Further, Prysmian argues that its claims are timely because they are governed by 28 U.S.C. § 2640, which has a six-year statute of limitations. Both arguments are wrong.

    A.    Prysmian's Claims Accrued When Commerce Denied Prysmian's Exclusion Requests

According to Prysmian, its claims are timely because Commerce's "unlawful conduct continues today," thus subjecting its claims to the "continuing violation doctrine" (also known as the continuing claim doctrine). Prysmian Resp. at 10-11. According to Prysmian, "both the Proclamation and {Commerce's regulations} impose an affirmative duty on the Department to grant exclusions to requesters who satisfy the eligibility criteria set forth in the {regulations}." *Id.* Prysmian thus argues that Commerce not only violated its legal obligations when it initially denied the requests, "but each day since that it has persisted in its refusal to grant Prysmian the exclusions to which it is clearly entitled." *Id.* at 11. Prysmian states that "the Department accepted the exact same objection from the exact same party at face value over and over, without any analysis, thereby engaging in a pattern of wrongful, arbitrary, and capricious conduct," and that such conduct "is exactly the type of conduct that triggers the continuing violation doctrine." *Id.* at 12. Prysmian fundamentally misunderstands the doctrine, which does not apply to its claims.

"In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997).  However, "a claim based upon a single distinct event, which may have continued ill effects later on, is not a continuing claim." *Id.* When "all events necessary to" a claim occur, the plaintiff's claim accrues and is not a continuing claim even if a plaintiff continues to suffer ill effects after the events take place. *Id.* at 1457.  Thus, the Federal Circuit has held that the continuing claims doctrine does not apply to claims that only point "to one alleged wrong by the government," such as when a plaintiff asserts a wrongful discharge from the military. *Id.*  Although succeeding on the claim may result in compensation for time within the limitations period, the claim accrued all at once at discharge and was thus not a continuing claim. *Id.*  Likewise, when a plaintiff alleges a breach of contract that would cause consequential damages into the future, the claim accrues at the time of the breach and is not a continuing claim. *Id.* at 1457-58.

Here, Prysmian does not allege a "a series of independent and distinct wrongs or events." *See id.* at 1457.  Rather, there is a single alleged wrong underlying each of Prysmian's claims: Commerce's denial of Prysmian's exclusion request.  Am. Compl. ¶¶ 127, 133, 139, 145, 151, 157, 163 ("The Department's decision denying Prysmian's request for exclusion from the Section 232 aluminum tariff . . . {was} 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'").  Prysmian appears to assert two ways that its claims could be subject to the continuing claim doctrine.  First, Prysmian states that until the wrong is corrected, Commerce to continues to unlawfully deny its exclusion requests.  Prysmian Resp. at 11.  But Commerce has only denied each exclusion request one time, and thus that denial is the sole

5

alleged wrong Prysmian can identify. While Prysmian may allege "continued ill effects" from those denials (as a result of being otherwise responsible for paying section 232 duties on entries of merchandise), the event necessary for the claim (the denial) has already occurred.

This conclusion is also demonstrated by examining what would have occurred had Commerce *granted* the exclusion requests. As Commerce's regulations set forth, beginning five days after Commerce publishes a decision granting an exclusion request and for a year after the date on the decision memorandum, "the requester will be able to rely upon the approved exclusion request in calculating duties owed on the product imported in accordance with the terms listed in the approved exclusion request." 15 C.F.R. pt. 705, supp. 1(h)(2)(iii)(A). The requester may use the granted exclusion request without any further action from Commerce, as any questions related to payment or refund of duties "should be directed to CBP." 15 C.F.R. pt. 705, supp. 1(h)(2)(iii)(B). The grant of the exclusion is the operative event that then allows the importer to take advantage (or not) of duty-free importation of the excluded merchandise during the period of the exclusion.

Moreover, if Prysmian were right that the failure to correct an alleged wrong constitutes a continuing claim, then the continuing claim doctrine would apply to every claim in which a defendant defends its alleged wrongful conduct. Prysmian offers no support for such a wide-reaching expansion of the continuing claim doctrine.

Second, Prysmian alleges that Commerce has wrongfully denied multiple exclusion requests and engaged in a pattern of wrongful conduct that triggers the continuing claim doctrine. Prysmian Resp. at 12. To the extent Prysmian intends to assert a programmatic challenge to Commerce's administration of the section 232 exclusion program, the Supreme Court has held that the APA does not allow such a challenge. *Norton*, 542 U.S. at 64 (quoting

6

*Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990)).  Instead, the APA only allows a plaintiff to "attack . . . some particular 'agency action' that causes it harm."  *Id.*  Accordingly, that Commerce has denied multiple exclusion requests simply means that Prysmian has multiple claims, not that Prysmian has one claim with multiple wrongs.  Indeed, each denial stands on its own, and is reviewed by this Court based on the administrative record with respect to the specific exclusion request at issue.[1]  *See, e.g., California Steel Indus., Inc. v. United States*, No. 21-15, Slip. Op. 24-127 (Ct. Int'l Trade Nov. 13, 2024) (sustaining Commerce's denial of certain exclusion requests and remanding Commerce's denial of other exclusion requests).

The case relied on by Prysmian, *Pat Huval Restaurant & Oyster Bar, Inc. v. United States*, 547 F. Supp. 2d 1352 (Ct. Int'l Trade 2008), is easily distinguishable.  In that case, this Court held that the continuing claim doctrine applied to distributions made pursuant to the Byrd Amendment, which provided that CBP distribute "on an annual basis antidumping and countervailing duties collected from foreign producers to certain members of the competing domestic industry as reimbursement for specified qualifying expenditures."  *Pat Huval*, 547 F. Supp. 2d at 233, 240.  Eligibility for Byrd distributions was limited to affected domestic producers "who supported a petition that led to an antidumping or countervailing duty order."  *Id.* at 233.  Plaintiffs challenged the Byrd Amendment's support requirement as unconstitutional viewpoint discrimination.  *Id.* at 240.  The Court concluded that the plaintiffs' claims "can be

---

[1] Prysmian also states that it believes that "evidence that will be developed in discovery will show a pattern" of conduct by Commerce, and thus that the Court should delay deciding timeliness until a later stage.  For the reasons already stated, the continuing claim doctrine does not apply here.  Moreover, judicial review of the exclusion denials at issue in this case "is on the basis of the record made before" Commerce.  USCIT Rule 73.3(a).  There are only limited exceptions where discovery is appropriate in record review cases, and it is premature at this point, before we have filed the administrative record, to suggest that any of those limited exceptions apply.

7

said to have arisen every year that the payments were made" and "that a new cause of action accrued every time payments were made pursuant to" the Byrd Amendment. *Id.* at 241, 242. Here, there are no such continuing entitlements that Prysmian could even contend are analogous to the Byrd distributions in *Pat Huval*, and that case is inapposite.

In short, the continuing claim doctrine does not apply when "a claim is based upon a single distinct event." *Brown Park Estates*, 127 F.3d at 1457. Here, each of Prysmian's claims is based on a single distinct event, Commerce's denial of Prysmian's exclusion request. Accordingly, the continuing claim doctrine does not apply. Prysmian's claims accrued when it "reasonably should have known about the existence of a claim," *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977-78 (Fed. Cir. 1994), and as the Supreme Court has held, "at the time the plaintiff 'has the right to apply to the court for relief.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2451 (2024) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment)). Prysmian knew of its claims and could have sought relief from the Court immediately upon Commerce's denial of its exclusion request. *See Preminger v. Secretary of Veterans Affairs*, 517 F.3d 1299, 1307 (Fed. Cir. 2008) ("a cause of action seeking judicial review under the APA accrues at the time of final agency action"). Therefore, Prysmian's claims are untimely for the 15 exclusion requests that were denied more than two years before Prysmian filed its complaint.

### B.     The Relevant Statute Of Limitations Is 28 U.S.C. § 2636(i), Not 28 U.S.C. § 2401

Any claim brought under subsection 1581(i) is "barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). The Court need not look any further than section 2636(i) to determine that Prysmian's challenges to 15 exclusion denials fall outside of the statute of limitations. Prysmian

8

acknowledges the case is brought under section 1581(i), and thus the two-year statute of limitations plainly applies.

Rather than addressing section 2636(i), which is the specific statute that governs its claims, Prysmian argues that the statute of limitations should be governed by 28 U.S.C. § 2401(a), which provides a general six-year statute of limitations and has been applied to challenges brought under the APA. Prysmian Resp. at 12-13. However, section 2401(a) "applies generally to suits against the United States *unless the timing provision of a more specific statute displaces it*." *Corner Post*, 144 S. Ct. at 2450 (emphasis added). Here, Congress has established, in section 2636(i), a more specific statute of limitations governing claims brought under this Court's section 1581(i) jurisdiction. *O'Hare Servs., Inc. v. United States*, 3 C.I.T. 77, 78 (1982) (holding that section 2636(i), a "specific statute covering the institution of action in this court," controls over section 2401(a), "a general provision"). Thus, there has never been any serious question that "{a}ctions brought pursuant to § 1581(i) must be brought 'within two years after the cause of action first accrues.'" *C.B. Imports Transamerica Corp.*, 35 C.I.T. at 1753. Accordingly, section 2401(a) does not apply to Prysmian's claims and this Court must dismiss Prysmian's claims with respect 15 of the 17 exclusion requests as outside of the applicable two-year statute of limitations.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss all of Prysmian's claims under 5 U.S.C. § 706(1). We likewise request that the Court dismiss all but two of Prysmian's exclusion request challenges (concerning Request Numbers 261115 and 261137) based on 5 U.S.C. § 706(2).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Kyle S. Beckrich
KYLE S. BECKRICH
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-9322
Email: Kyle.Beckrich@usdoj.gov

December 16, 2024        *Attorneys for Defendants*