Slip Op. No. 25-9

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC,<br><br>        *Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>        *Defendants*. | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 1:24-cv-00101 |

## OPINION

[Granting Defendant's Amended Motion to Partially Dismiss Case.]

Dated:  January 22, 2025

*Brad S. Keeton*, Frost Brown Todd LLP, of Lexington, KY, for Plaintiff Prysmian Cables and Systems USA, LLC.

*Kyle S. Beckrich*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With him on the brief were *Brain M. Boynton*, Principal Deputy Assistant Attorney General; *Patricia M. McCarthy*, Director; and *Tara K. Hogan*, Assistant Director.

      **Vaden, Judge:**  The United States moves to partially dismiss the Amended Complaint filed by Plaintiff Prysmian Cables and Systems USA, LLC (Prysmian). Prysmian claims that the Department of Commerce (Commerce) violated 5 U.S.C. § 706(1) and 5 U.S.C. § 706(2) — both sections of the Administrative Procedure Act — when it denied Prysmian's Section 232 exclusion requests for aluminum imports into the United States.  The Government seeks to dismiss all Prysmian's 5 U.S.C. § 706(1)

Court No. 1:24-cv-00101 Page 2

claims and fifteen of Prysmian's seventeen 5 U.S.C. § 706(2) claims. For the reasons set forth below, this Court **GRANTS** the Government's Motion.

## BACKGROUND

Section 232 of the Trade Expansion Act of 1962 empowers the President of the United States to impose trade measures when the President determines action "must be taken to adjust the imports of [an] article and its derivatives so that such imports will not threaten to impair the national security." 19 U.S.C. § 1862(c)(1)(A)(ii). On March 8, 2018, President Donald J. Trump invoked Section 232 and imposed a ten percent tariff on aluminum imports, finding that those imports threatened to impair national security. *See Adjusting Imports of Aluminum into the United States*, Pres. Proc. No. *9,704*, 83 Fed. Reg. 11,619 (Mar. 8, 2018). In his Proclamation, the President directed the Secretary of Commerce to allow exclusions from the tariff for aluminum products not immediately available in the United States in sufficient quality or quantity. *Id.* at 11,619.

Prysmian is a domestic company that imports aluminum to produce conductive cable for electrical power generation, transmission, and distribution. Am. Compl. ¶ 3, ECF No. 16. To continue manufacturing products at its current pace, Prysmian sought exclusions on certain aluminum rods procured from companies in Canada, Bahrain, Russia, the United Arab Emirates, and Argentina. *Id.* ¶¶ 38–45. Between 2018 to 2021, Prysmian submitted seventeen separate exclusion requests. *Id.* ¶ 46. Commerce denied all Prysmian's requests, starting in 2019. *Id.*

On June 7, 2024, Prysmian filed suit in this Court. Compl., ECF No. 2. Prysmian filed its Amended Complaint on September 10, 2024. Am. Compl., ECF No. 16. It alleges that Commerce violated 5 U.S.C. § 706(1) because Commerce unlawfully withheld or unreasonably delayed its decisions on Prysmian's exclusion requests. *Id.* ¶¶ 82–121 (Counts I–VIII). The Amended Complaint further claims Commerce's ultimate denials violated 5 U.S.C. § 706(2) because its actions were arbitrary, capricious, and not in accordance with law. *Id.* ¶¶ 122–69 (Counts IX–XVI).

On October 25, 2024, the Government filed its Amended Motion to Partially Dismiss. Corrected Am. Mot. to Dismiss Case (Def.'s Mot.), ECF No. 21. In its Motion, the Government argues that this Court should partially dismiss Prysmian's Complaint for two reasons. It asserts that 5 U.S.C. § 706(1) does not apply to agency denials. Def.'s Mot. at 4–6, ECF No. 21. The Government argues that the statute describes an agency's failure to act, not its decision to deny a request. *Id.* at 4. According to Commerce, a denial is the "agency's act of saying no to a request," whereas a "failure to act 'is simply the omission of an action without formally rejecting a request.'" *Id.* at 4 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004)). Because Commerce denied Prysmian's exclusion requests, Commerce did not fail to act; and Prysmian's claims should be dismissed for failure to state a claim. *Id.* at 6.

Court No. 1:24-cv-00101 Page 4

Prysmian disagrees. Pl.'s Resp. to Mot. to Partially Dismiss Case (Pl.'s Resp.), ECF No. 23. Plaintiff argues that Commerce failed to act because it did not perform three required actions for each denial. First, Prysmian alleges that Commerce failed to apply mandatory criteria to the facts presented in Prysmian's exclusion requests such as "an assessment of whether domestically produced substitute products … are immediately available in sufficient quantities to meet the requester's needs …." *Id.* at 6; *see* 15 C.F.R. § 705, Supp. 1(c)(6). Second, Commerce failed to prepare a specific decision memorandum and only provided a form response. Pl.'s Resp. at 7; *see* 15 C.F.R. § 705, Supp. 1(h)(2)(i). Third, Commerce failed to notify Customs of Prysmian's entitlement to an exclusion under both the Presidential Proclamation's requirements and 15 C.F.R. § 705, Supp. 1(h)(3)(ii). Pl.'s Resp. at 7. Because Commerce did not follow these required steps, Prysmian alleges that Commerce failed to act within the meaning of 5 U.S.C. § 706(1). *Id.* at 7–8.

Next, the Government argues that fifteen of Prysmian's seventeen 5 U.S.C. § 706(2) claims should be dismissed as untimely. Def.'s Mot. at 6–7, ECF No. 21. Defendant notes any claim brought under 28 U.S.C. § 1581(i) is subject to a two-year statute of limitations. *Id.* at 6 (citing 28 U.S.C. § 2636(i)). Because the filing date of the original complaint was June 7, 2024, the claims that accrued between May 4, 2019, to April 6, 2022, are untimely under 28 U.S.C. § 2636(i). *Id.* at 7.

Prysmian believes all seventeen of its exclusion requests are timely. Prysmian agrees it filed its Complaint on June 7, but it argues that Commerce's denial of its

exclusion requests is a continuing violation. Pl.'s Resp. at 9–12, ECF No. 23. Because Commerce's "only reasonable conclusion" was to grant the exclusions, "[Commerce] has repeatedly and continuously … violat[ed] its legal obligations[.]" *Id.* at 11. Alternatively, Prysmian argues that, if the continuing violation doctrine does not apply, the correct statute of limitations is the six-year limitation period under 28 U.S.C. § 2640(a) instead of the two-year period under 28 U.S.C. § 2636(i). *Id.* at 12–13.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction under 28 U.S.C. § 1581(i). When the specific jurisdictional grants of 28 U.S.C. § 1581(a)–(h) do not apply, then 28 U.S.C. § 1581(i) contains a residual grant of jurisdiction. 28 U.S.C. § 1581(i)(1)(B) grants the Court jurisdiction over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." This "'residual' grant of jurisdiction . . . may not be invoked when jurisdiction under another subsection of [Section] 1581 is or could have been available …." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018). No party challenges Plaintiff's invocation of jurisdiction, and the Court finds no error in Plaintiff's jurisdictional claim. *See Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 127 (1804) ("[I]t [is] the duty of the Court to see that they had jurisdiction, for the consent of the parties could not give it."); *Answers in Genesis of Kentucky, Inc. v.*

*Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is appropriate when the facts asserted by the plaintiff do not entitle [the plaintiff] to a legal remedy." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006) (quoting *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)) (internal quotation marks omitted). A plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, the Court must "accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013).

## DISCUSSION

Prysmian argues that the Government's Motion is premature because Prysmian can demonstrate that Commerce failed to carry out its legally required duties. Plaintiff also claims that the statute of limitations has not run because Commerce continually violated Prysmian's rights. Even if the continuing violation

doctrine does not apply, Prysmian alleges that Commerce used the incorrect statute of limitations. Conversely, the Government argues that Prysmian has failed to state a claim under 5 U.S.C. § 706(1) and that all but two of Prysmian's 5 U.S.C. § 706(2) claims should be dismissed as untimely. This Court agrees with the Government and **GRANTS** its Motion.

## I.    5 U.S.C. § 706(1) Claims (Counts I–VIII)

Prysmian claims that Commerce violated 5 U.S.C. § 706(1) when it failed to perform three required steps denying Prysmian's exclusion requests. Pl.'s Resp. at 6–7, ECF No. 23. It argues that Commerce failed to apply mandatory criteria to the facts Prysmian presented, failed to prepare a mandatory memo "responsive" to the exclusion, and failed to notify Customs of Prysmian's entitlement to an exclusion. *Id.* The Government disagrees. Defendant argues that Commerce acted under 5 U.S.C. § 706(1) because a denial is not the same as a failure to act. Def.'s Reply to Mot. to Dismiss (Def.'s Reply) at 2, ECF No. 24. The Government notes that a failure to act "is simply the omission of an action without formally rejecting a request," while a denial "is the agency's act of saying no to a request[.]" *Id.* (quoting *Norton*, 542 U.S. at 63). The Government is correct.

Here, Commerce acted for purposes of the Administrative Procedure Act because Commerce denied Prysmian's exclusion requests. The statute permits a "reviewing court" to "compel an agency action unlawfully withheld or unreasonably delayed …." 5 U.S.C. § 706(1). Additionally, the Supreme Court has held that "a

Court No. 1:24-cv-00101                                                                                                  Page 8

claim under [Section] 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton*, 542 U.S. at 64 (emphasis in original). A denial, therefore, is not an action unlawfully withheld or unreasonably delayed: It is a decision. *See id.* at 63 ("A 'failure to act' is not the same thing as a 'denial.'").

Prysmian does not deny Commerce rendered a decision; it only takes issue with how Commerce did so. Pl.'s Resp. at 6–7, ECF No. 23. Essentially, Prysmian argues that Commerce should have decided in Prysmian's favor. However, the Administrative Procedure Act allows a court to compel agency *action*, not to direct a specific *outcome*. *See* 5 U.S.C. § 706(1) ("A reviewing court shall compel agency *action* ….") (emphasis added); *Norton*, 542 U.S. at 65 ("[A] court can compel the agency to act, but it has no power to specify what the action must be."). Drawing all reasonable inferences in Prysmian's favor, Prysmian does not deny Commerce provided a memorandum and rendered a decision. Pl.'s Resp. at 6–7, ECF No. 23. Whether Commerce acted arbitrarily, capriciously, abused its discretion, or otherwise acted in violation of the law when it made the decision is a question for Section 706(2), not Section 706(1). *Compare* 5 U.S.C. § 706(1) ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed …."), *with* 5 U.S.C. § 706(2) ("The reviewing court shall hold unlawful and set aside agency actions, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ….").

Prysmian's final objection — Commerce should have notified Customs of Prysmian's exclusion — is only applicable if Commerce granted an exclusion. *See* 15 C.F.R. § 705 Supp. 1(h)(3)(ii). Commerce denied Prysmian's request, and Commerce was not required to notify Customs of Prysmian's non-existent entitlement. *Id.* Once more, Prysmian argues its exclusions should have been granted; and it asks this Court to compel Commerce to do so. Commerce acted when it denied Prysmian's exclusion requests, and this Court cannot compel Commerce to make a specific decision. *See Norton*, 542 U.S. at 66. Therefore, Commerce's request to dismiss all of Prysmian's claims under Section 706(1) of the Administrative Procedure Act is **GRANTED**.

## II.     5 U.S.C. § 706(2) Claims (Counts IX–XVI)

Prysmian next argues that all seventeen of its claims that Commerce unlawfully denied its exclusion requests are timely. It makes these claims under Section 706(2) of the Administrative Procedure Act, which does permit the Court to review "agency actions, findings, and conclusions" for compliance with the law. 5 U.S.C. § 706(2). First, Prysmian claims that Commerce's denials are a continuing violation that tolls the two-year statute of limitations. Pl.'s Resp. at 9, ECF No. 23. Second, Prysmian argues in the alternative that Commerce used the incorrect statute of limitations. *Id.* at 12–13, ECF No. 23. The Government responds that there is no continuing violation, and the correct statute of limitations is two years. Def.'s Reply at 8–9, ECF No. 24. The Court once again agrees with the Government.

### A. The Two-Year Statute of Limitations

Prysmian's claims regarding its first fifteen exclusion requests accrued more than two years ago. Am. Compl. ¶ 46, ECF No. 16. The applicable statute of limitations for Prysmian's claims bars any claim older than two years. 28 U.S.C. § 2636(i); *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) (holding that actions brought under 28 U.S.C. § 1581(i) are subject to the two-year statute of limitations found in 28 U.S.C. § 2636(i)); *Stone Container Corp. v. United States*, 229 F.3d 1345, 1348 (Fed. Cir. 2000) (same). To include these older claims, Prysmian argues that the continuing violation doctrine applies. Pl.'s Resp. at 9–12, ECF No. 23. Because Commerce continually violated Prysmian's rights by denying the exclusion requests, Prysmian argues that the statute of limitations has not run on any of its exclusion claims. *Id.* at 12. Unfortunately for Prysmian, there is no continuing violation.

The continuing violation doctrine states that "each time a plaintiff is injured by an act of the [defendant] a cause of action accrues to him to recover damages caused by that act[,] and … the statute of limitations runs from the commission of the act." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971). For the doctrine to apply, the "plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir. 1997). The doctrine "has been held to overcome

statutory time bars when it would have been unreasonable to expect the plaintiff to sue at an early stage in a continuing course of conduct." *Bosley v. MSPB*, 162 F.3d 665, 667 (Fed. Cir. 1998). The continuing violation doctrine, however, does not permit a claim that is "based upon a single distinct event, which may have continued ill effects later." *Brown Park*, 127 F.3d at 1456.

Courts have considered the continuing violation doctrine in various factual contexts. *See, e.g., id.* at 1455–59 (analyzing the continuing violation doctrine in a government contracting case and noting that courts have considered it in environmental law, veterans' affairs, contracts, real estate, and employment cases). This Court has also recognized the doctrine at least once. *See Pat Huval Rest. & Oyster Bar, Inc. v. United States*, 32 CIT 232 (2008), *aff'd*, 785 F.3d 638 (2015) (holding that the continuing violation doctrine applied to discriminatory Byrd Amendment payments owed to plaintiff). *But see Ocean Duke Corp. v. United States*, 35 CIT 833 (2011), *aff'd*, 467 Fed. Appx. 893 (Fed. Cir. 2012) (declining to apply the doctrine for claims concerning Commerce's denials on enhanced bonds); *United States v. Complex Mach. Works Co.*, 20 CIT 1080 (1996) (also finding the doctrine does not apply). Although not precedential, *Pat Huval* and *Ocean Duke* are illustrative to help evaluate Prysmian's argument.

In *Pat Huval*, the Byrd Amendment allowed the federal government to distribute proceeds from antidumping and countervailing duty enforcement to domestic companies affected by unfair foreign competition. 32 CIT at 233–34; *see* 19

U.S.C. § 1675c (2000) (repealed 2006). To receive this distribution, the affected domestic company had to be a petitioner or had to have supported a petition leading to an antidumping or countervailing duty order. *Pat Huval*, 32 CIT at 233–34. A domestic restaurant applied to receive a distribution, and Commerce denied its request because the restaurant was not a petitioner or a petition supporter. *Id.* at 234. The restaurant alleged that Commerce's failure to distribute the Byrd funds to the restaurant was unconstitutional viewpoint discrimination as well as a due process and an equal protection violation. *Id.* at 240–41. Because Commerce engaged in these discriminatory practices every year when distributing the funds, the restaurant argued the continuing violation doctrine applied; and this Court could hear claims regarding payments otherwise outside the statute of limitations. *Id.* at 239.

This Court agreed with the restaurant and found that there was a continuing violation. *Id.* at 242. Because receiving Byrd distributions required "express[ing] support" for the petition, the Government impermissibly discriminated "between similarly situated domestic producers based on whether an individual producer was a petitioner or supported the petition." *Id.* at 241. The Byrd Amendment provided for annual payments. *Id.* at 233; *see* 19 U.S.C. § 1675c (2000) (repealed 2006). Thus, the unconstitutional practice created a new cause of action every time payments issued. *Pat Huval*, 32 CIT at 241. Each new payment cycle created a new,

independent harm and liability for damages. *Id.* This Court could therefore hear the restaurant's claims under the continuing violation doctrine. *Id.*

Conversely, the Court declined to apply the continuing violation doctrine in *Ocean Duke*. In 2004, Customs created enhanced entry bond requirements for shrimp importers subject to new antidumping duty orders. *Ocean Duke*, 35 CIT at 835. A domestic shrimp importer continued to post import bonds using the pre-2004 rules. *Id.* Customs forced the importer to comply with the new rules, and the importer obtained five separate entry bonds between 2005 and 2008. *Id.* The importer sought multiple times to cancel the bonds, but Customs denied each request. *Id.* at 836. In 2009, however, this Court found Customs' enhanced bond requirements to be arbitrary and capricious. *Id.* (citing *Nat'l Fisheries Inst. v. U.S. Bureau of Customs & Border Prot.*, 33 CIT 1137 (2009)). Afterword, the importer submitted six more bond cancellation requests, which Commerce denied. *Id.* The importer sued, claiming that the statute of limitations on the bonds from 2005 to 2008 had not run because Customs' repeated refusal to cancel the bonds constituted a continuing violation. *Id.* at 838.

This Court disagreed. All the injuries the importer suffered originated from Customs' decision to require the importer to post bonds under the enhanced requirements. It was at that point "all events necessary to state the claim" had occurred. *Id.* (quoting *Mitsubishi Elecs.*, 44 F.3d at 977) (internal quotation marks omitted). The continued ill-effects were not "inherently susceptible to being broken

Court No. 1:24-cv-00101                                                                                              Page 14

down into a series of independent and distinct events." *Id.* at 839 (quoting *Brown Park*, 127 F.3d at 1456). Not even the importer's repeated attempts to file administrative reconsideration requests served to toll the statute of limitations as there was no legal requirement that the importer file for reconsideration before filing suit. *Id.* at 840. Because all the harms flowed from Customs' initial decision to require the importer to post the bonds, there was no continuing violation; and the two-year statute of limitation applied to prohibit the suit. *Id.*

Here, Prysmian has not suffered a continuing violation. Although the denials may have caused Prysmian continued ill effects, each exclusion denial was "a single distinct event." *Brown Park*, 127 F.3d at 1457; *see also Ocean Duke*, 35 CIT at 839–40. All the facts necessary to state a claim against the Department were present no later than the dates on which Commerce denied each of Prysmian's exclusion requests. The claims accrued at that point, and the limitations clock began to tick. *Ocean Duke*, 35 CIT at 838. The harms of which Prysmian complains are not susceptible to being broken down into independent events with distinct damages. *See id.* at 839. This is not an annual payment scheme like in *Pat Huval*. *Cf.* 32 CIT at 233–34. Once Commerce denied the exclusion requests, there was nothing more for it to do. The denial of the requests was the end of the matter.

Prysmian received its first denial on May 4, 2019. Am. Compl. ¶ 46, ECF No. 16. It could have sued Commerce then. Instead, Prysmian waited five more years until June 2024 to file its Complaint. Compl., ECF No. 2. Because there is no

Court No. 1:24-cv-00101 Page 15

continuing violation, the only claims that fall within the two-year statute of limitations are the final two denials on July 31, 2022, and February 12, 2023. Am. Compl. ¶ 46, ECF No. 16. Absent a mistake by Commerce as to which statute of limitations applies, all but these final two claims must be dismissed.

### B. Six-Year Statute of Limitation

Prysmian argues that the correct statute of limitations is 28 U.S.C. § 2640(a), and its assertion relies on a daisy-chain of statutes. First, Prysmian claims that this case arises under the jurisdictional grant in 28 U.S.C. § 1581(i) because it "arise[s] out of a[] law of the United States" related to tariffs imposed for reasons other than raising revenue. Pl.'s Resp. at 12, ECF No. 23. Next, Prysmian notes that the Court's standard of review under 28 U.S.C. § 1581(i) requires that "the Court of International Trade shall review the matter as provided in section 706 of title 5." *Id.* at 13. Finally, because the Court is required to review the matter under 5 U.S.C. § 706, it must employ the statute of limitations "generally used" in Administrative Procedure Act cases, which is 28 U.S.C. § 2401(a). *Id.* That statute provides, "[E]very civil action against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Because the Court should use that six-year limitations period, Prysmian claims that all seventeen of its claims are timely.

Creative though its argument may be, Prysmian's narrative runs aground on the shoals of the statute's text. 28 U.S.C. § 2636(i) is plain in its meaning: "A civil

Court No. 1:24-cv-00101                                                                                           Page 16

action of which the Court of International Trade has jurisdiction under [28 U.S.C. § 1581(i)], … is barred unless commenced … within two years after the cause of action first accrues." The Federal Circuit has confirmed the statute's words. *See, e.g.*, *Mitsubishi Elecs.*, 44 F.3d at 977 ("The statute of limitations, however, requires that section 1581(i) actions be brought within two years after accrual of the cause of action."); *Stone Container Corp.*, 229 F.3d at 1348 ("The limitations period for suits brought under [28 U.S.C.] § 1581(i) is specified by 28 U.S.C. § 2636(i) …."). Prysmian has invoked the Court's jurisdiction under 28 U.S.C. § 1581(i). Am. Compl. ¶ 8, ECF No. 16. Because this Court's jurisdiction is under Section 1581(i), 28 U.S.C. § 2636(i) applies. Thus, under Prysmian's own allegations, Prysmian's claims are subject to the two-year limitation period. *See Mitsubishi Elecs.*, 44 F.3d at 977.

Prysmian's argument also fails for a second reason. It has neglected to note that its preferred statute of limitations "applies generally to suits against the United States *unless the timing provision of a more specific statute displaces it*." *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2450 (2024) (emphasis added). As noted above, Section 2636(i) prohibits any claim under Section 1581(i) "unless commenced … within two years after the cause of action first accrues." Applying *Corner Post*'s analysis, Section 2636(i) is a specific provision applicable to actions under this Court's Section 1581(i) jurisdiction. It therefore supersedes the six-year general statute of limitations found in 28 U.S.C. § 2401(a). *See Corner Post*, 144 S. Ct. at 2450.

Court No. 1:24-cv-00101                                                                                   Page 17

Prysmian's argument for applying a different statute of limitations misunderstands the Court's jurisdictional statutes and ignores Supreme Court precedent. Therefore, Commerce's Motion to dismiss fifteen of Prysmian's seventeen claims for being filed outside the statute of limitations is **GRANTED**.

## CONCLUSION

Despite granting Prysmian all favorable inferences, its arguments fall short. First, Commerce did not fail to act. It denied Prysmian's applications. Next, the continuing violation doctrine is not applicable. Finally, Prysmian's argument for ignoring the two-year statute of limitations fails. The Government's Amended Motion to Partially Dismiss is **GRANTED**. Counts I–XIV in Prysmian's Amended Complaint are **DISMISSED**; and the portions of Count XV not relating to the exclusion request denial on July 31, 2022, are also **DISMISSED**. The Court may hear the portions of Count XV relating to the exclusion request denial on July 31, 2022, as well as Count XVI of Prysmian's Amended Complaint.

    /s/ Stephen Alexander Vaden
    Stephen Alexander Vaden, Judge

Dated: <u>January 22, 2025</u>
    New York, New York