IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 24-00101<br>) |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
SECOND MOTION FOR LEAVE TO AMEND ITS COMPLAINT

Pursuant to United States Court of International Trade Rule 7(d), defendant, the United States, respectfully submits this response to plaintiff's second motion for leave to amend its complaint. ECF No. 38.

In its motion, plaintiff requests that the Court grant it leave to file a second amended complaint that adds six new claims to its complaint concerning three exclusion requests. Two of the exclusion requests (Requests Nos. 402427 and 391723) were added after the Department of Commerce informed Prysmian that it is no longer processing exclusion requests as instructed by the President in Presidential Proclamations 10895 and 10896. Like Prysmian did in its first amended complaint, Prysmian seeks to add claims for violations of 5 U.S.C. §§ 706(1) and (2). The third exclusion request (Request No. 261137) was already at issue in Prysmian's original and amended complaint, but Prysmian now seeks to challenge a different aspect of that request. Specifically, Prysmian asserts that Commerce improperly refused to allow Prysmian to change its importer of record under the exclusion request, which was granted in part. Like the other two

requests Prysmian seeks leave to add to its complaint, Prysmian alleges challenges under 5 U.S.C. §§ 706(1) and (2).

Pursuant to USCIT Rule 15(a)(2), this Court should "freely give leave" to amend a complaint "when justice so requires." We do not, at this point, have a basis to contend that there has been any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed {or} undue prejudice" to the defendants. *Foman v. Davis*, 371 U.S. 1782, 182 (1962). Thus, having fully considered Prysmian's motion and in light of the "general presumption in favor of allowing a party to amend pleadings," *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984), we do not oppose Prysmian's motion for leave to amend the complaint a second time.

Our non-opposition does not reflect any view on the merits of Prysmian's proposed new claims. Indeed, the Court has already rejected Prysmian's flawed view of a challenge under 5 U.S.C. § 706(1). *Prysmian Cables and Systems USA, LLC v. United States*, No. 24-101, 2025 WL 262349, at *3 (Ct. Int'l Trade Jan. 22, 2025). Nonetheless, to facilitate the "just, speedy, and inexpensive" determination of this action, USCIT Rule 1, we propose that the merits of Prysmian's new claims be addressed when the parties brief the merits of Prysmian's remaining claims.

Because Prysmian's proposed amended complaint adds two new exclusion requests, as well as a new aspect of a request that was already at issue, Commerce will need to file an amended administrative record in this case should the Court grant Prysmian's motion for leave. Further, because the parties will address the merits of Prysmian's new claims in their merits briefs, we respectfully request that the Court permit to the parties to move forward with merits briefing and waive the obligation of the defendants to file another answer. Accordingly, should

the Court grant Prysmian's motion for leave, we propose the following schedule governing further proceedings, which provides the parties the same time to file its briefs as the Court's February 6, 2025 order:

1. Defendants shall file an amended administrative record by April 16, 2025.

2. Plaintiff shall file its motion for judgment on the agency record by June 5, 2025.

3. Defendants shall file their response to plaintiff's motion for judgment on the agency record by July 25, 2025.

4. Plaintiff shall file its reply in support of its motion for judgment on the agency record by August 15, 2025.

5. Any request for oral argument shall be filed by September 5, 2025.

On March 28, 2025, counsel for defendants conferred with Brad Keeton, counsel for Prysmian, who indicated that Prysmian consents to the above suggested schedule should the Court grant Prysmian's motion for leave.

Notwithstanding our belief that Prysmian's new claims will ultimately fail on the merits, we do not oppose Prysmian's motion for leave to file an amended complaint, given the early stage of litigation and to avoid piecemeal litigation. Should the Court grant Prysmian's motion for leave, we respectfully request that the Court enter a scheduling order as proposed above. For the Court's convenience, we have attached a proposed scheduling order.

        Respectfully submitted,

        YAAKOV M. ROTH
        Acting Assistant Attorney General

        PATRICIA M. McCARTHY
        Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

/s/ Kyle S. Beckrich
KYLE S. BECKRICH
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-9322
Email:  Kyle.Beckrich@usdoj.gov

March 28, 2025                    *Attorneys for Defendants*

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS USA, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>      Defendants, | Case No. 24-00101 |

**<u>ORDER</u>**

Upon consideration of the plaintiff's second motion for leave to amend its complaint and defendants' response thereto, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the schedule in this case is amended as follows:

1. Defendants shall file an amended administrative record by April 16, 2025.

2. Plaintiff shall file its motion for judgment on the agency record by June 5, 2025.

3. Defendants shall file their response to plaintiff's motion for judgment on the agency record by July 25, 2025.

4. Plaintiff shall file its reply in support of its motion for judgment on the agency record by August 15, 2025.

5. Any request for oral argument shall be filed by September 5, 2025.

                                                         JUDGE

Dated: _____
      New York, N.Y.