UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS, USA, LLC<br><br>             Plaintiff,<br><br>  - against -<br><br>UNITED STATES<br><br>and<br><br>HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*,<br><br>             Defendants. | Case No.    24-00101 |

## <u>PLAINTIFF'S MOTION FOR JUDGMENT ON THE AGENCY RECORD</u>

Plaintiff Prysmian Cables and Systems, USA, LLC ("Prysmian"), by counsel and pursuant to CIT Rule 56.1, submits this Motion for Judgment on the Agency Record.

This Motion challenges the following actions and inactions of the Department of Commerce (the "Department"):

1.     The Department's July 31, 2022 denial of Prysmian's Exclusion Request ("ER") 261115, which sought an exclusion from the Section 232 aluminum tariff for certain aluminum rod procured internationally. (DN 42-1 at 3-4.)

2.     The Department's February 12, 2023 partial denial of Prysmian's ER 261137, which sought an exclusion from the Section 232 aluminum tariff for certain aluminum rod procured internationally. (DN 42-1 at 86-87.)

3.    The Department's refusal to add Prysmian's importing agent, Concord Resources Limited ("Concord"), as an authorized importer of record under the portion of ER 261137 the Department granted, thus denying Prysmian the benefit of the exclusion. (DN 42-1 at 196-97.)

4.    The Department's decision to void ER 402427, which sought an exclusion from the Section 232 steel tariff for certain steel coils procured internationally, via a generic "blast email" without even purporting to evaluate Prysmian's entitlement to the requested exclusion and without issuing a mandatory decision memorandum "responsive" to the exclusion request. (DN 42-7 at 64-66.)

5.    The Department's decision to void ER 291723, which sought an exclusion from the Section 232 steel tariff for certain aluminum rod procured internationally, via a generic "blast email" without even purporting to evaluate Prysmian's entitlement to the requested exclusion and without issuing a mandatory decision memorandum "responsive" to the exclusion request. (DN 42-7 at 64-66.)

For reasons more fully set forth in the accompanying memorandum of law, Prysmian hereby moves the Court to enter judgment on the agency record as follows:

1.    Declaring that Prysmian is entitled to the requested exclusions from the Section 232 tariffs sought by ER 261115, ER 261137, ER 391723, and ER 402427 in accordance with Proclamations 9704 and 9705 and 83 Fed. Reg. 46056;

2.    Declaring that the Department's denials of ER 261115, ER 261137, ER 391723, and ER 402427 were arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

3.     Declaring that the Department's refusal to grant Prysmian's request to add Concord as an authorized importer of record under ER 261137 was arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

4.     Compelling the Secretary, on behalf of the Department, to satisfy his unambiguous duty to add Concord as an authorized importer of record under ER 261137;

5.     Compelling the Secretary, on behalf of the Department, to satisfy his unambiguous duties to evaluate Prysmian's satisfaction of the eligibility criteria for obtaining tariff exclusions with respect to ER 391723 and ER 402427 and to issue a decision memorandum responsive to ER 391723 and ER 402427;

6.     Alternatively, remanding the matter to the Department for proper treatment and consideration, in accordance with the requirements of the Administrative Procedure Act; and

7.     Awarding Prysmian such other relief as the Court deems just and proper.

Dated: June 5, 2025
Lexington, Kentucky

Respectfully submitted,

*/s/Brad S. Keeton*
Brad S. Keeton
FROST BROWN TODD LLP
Lexington Financial Center
250 W. Main Street, Suite 2800
Lexington, KY 40507
(859) 231-0000
bkeeton@fbtlaw.com
*Counsel for Plaintiff Prysmian*
*Cables and Systems, USA, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:


*/s/Brad S. Keeton*
Counsel for Plaintiff Prysmian
Cables and Systems, USA, LLC

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

| | |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS, USA, LLC | |
| Plaintiff, | |
| - against - | Case No.    24-00101 |
| UNITED STATES | |
| and | |
| HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT ON THE AGENCY RECORD**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT PURSUANT TO RULE 56.1 ...................................................... 2

    I.      Administrative Determinations to be Reviewed ................................... 2

    II.     Issues Presented for Review .............................................................. 3

BACKGROUND ............................................................................................... 4

    I.      Parties ................................................................................................. 4

    II.     Statutory and Regulatory Background ............................................... 5

    III.    Prysmian's Exclusion Requests .......................................................... 7

        A.    The Department improperly denied ER 261115 in full and ER 261137 in part based on national security concerns it lacked authority to consider and that were unsupported by the record..................................... 7

        B.    The Department improperly refused to add Prysmian's importing agent as an authorized importer of record under the partially approved portion of ER 261137, thus denying Prysmian the benefit of the exclusion. ..................................................................... 9

        C.    The Department improperly voided ER 402427 and ER 391723 via a generic "blast email" without evaluating Prysmian's entitlement to the requested exclusions or issuing mandatory decision memoranda. ........... 11

LEGAL FRAMEWORK .................................................................................. 14

ARGUMENT .................................................................................................. 15

    I.      The Department's denials of ER 261115 in full and ER 261137 in part based on invalid and unauthorized national security considerations were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." .... 15

    II.     The Department's improper refusal to add Concord as an authorized importer of record under partially approved ER 261137 should be set aside as unlawful, and the Secretary should be compelled to perform his unambiguous duty to add Concord to the granted exclusion. ...................................................... 17

    III.    The Court should set aside as unlawful the Department's decision to void ER 402427 and ER 391723 and should compel the Secretary to perform his unambiguous duties to evaluate Prysmian's entitlement to the requested exclusions and issue reasoned decision memoranda. ........................................... 18

CONCLUSION................................................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Kansas City, Mo. v. Dep't of Hous. & Urban Dev.*,
  923 F.2d 188 (D.C. Cir. 1991) ................................................................................15

*Judulang v. Holder*,
  565 U.S. 42 (2011) ..................................................................................................14

*Mizerak v. Adams*,
  682 F.2d 374 (2d Cir. 1982) ...................................................................................17

*Motor Vehicle Mfrs. Ass'n of US., Inc. v. State Farm Mut. Auto. Ins. Co.*,
  463 U.S. 29 (1983) ....................................................................................14, 15, 17

*Norton v. Southern Utah Wilderness Alliance*,
  542 U.S. 55 (2004) ....................................................................................15, 18, 19

*Policy & Research, LLC v. United States Dep't of Health & Human Servs.*,
  313 F. Supp. 3d 62 (D.D.C. 2018) ..........................................................................16

*In re Sang Su Lee*,
  277 F.3d 1338 (Fed. Cir. 2002) ...............................................................15, 17, 18

*Solenex, LLC v. Haaland*,
  626 F. Supp. 3d 110 (D.D.C. 2022) ........................................................................19

*Ultratec, Inc. v. CaptionCall, LLC*,
  872 F.3d 1267 (Fed. Cir. 2017) ..............................................................................18

*Way of Life Television Network, Inc. v. FCC.*,
  593 F.2d 1356 (D.C. Cir. 1979) .............................................................................16

**Statutes**

5 U.S.C. 706(2) .......................................................................................................19

5 U.S.C. § 706(1) ............................................................................................... *passim*

5 U.S.C. § 706(2) ...............................................................................................2, 3, 4

5 U.S.C. § 706(2)(A) ..........................................................................................4, 14

Administrative Procedure Act ...............................................................................3, 20

Administrative Procedure Act (5 U.S.C. §§ 701 et seq.) .......................................2, 3, 20

Trade Expansion Act of 1962 Section 232 (19 U.S.C. § 1862)............................................ *passim*

**Other Authorities**

15 C.F.R. pt. 705, supp. 1 ........................................................................................6

83 Fed. Reg. 11,619 (Mar. 8, 2018) No. 9704 ....................................................5

83 Fed. Reg. 11,625 (Mar. 8, 2018) No. 9705 ....................................................5

83 Fed. Reg. 11619, 46058 ..............................................................................15, 16

83 Fed. Reg. at 11621, 11,627 ...............................................................................5

83 Fed. Reg. 46026 (Sept. 11, 2018) ......................................................................6

83 Fed. Reg. 46027 ..................................................................................................6

83 Fed. Reg. 46056 .........................................................................................2, 6, 20

83 Fed. Reg. 46058 .............................................................................................6, 7

83 Fed. Reg. 46059 ..................................................................................................7

83 Fed. Reg. 46060 ..................................................................................................7

90 Fed. Reg. 9807 ..................................................................................................12

90 Fed. Reg. 9812 ............................................................................................13, 19

90 Fed. Reg. 9813 ..................................................................................................19

90 Fed. Reg. 9817 ..................................................................................................12

90 Fed. Reg. 9821 ..................................................................................................13

90 Fed. Reg. 18784 ..................................................................................................6

Plaintiff Prysmian Cables and Systems, USA, LLC ("Prysmian"), by counsel and pursuant to CIT Rule 56.1, submits this Memorandum of Law in Support of its Motion for Judgment on the Agency Record.

## PRELIMINARY STATEMENT

In 2018, the Department of Commerce (the "Department"), acting pursuant to a presidential directive, promulgated a rule to enable domestic businesses to import steel and aluminum products without incurring tariffs the President had imposed on such products where certain criteria are met. Specifically, the rule provides that the Department should grant tariff exclusions requested by affected domestic companies where (1) the product at issue is not produced in the U.S. in a sufficient quantity, (2) the product is not produced in the U.S. in a satisfactory quality, or (3) national security considerations warrant granting the exclusion notwithstanding the availability of domestic substitutes.

In accordance with the Department's rule, Prysmian[1] submitted requests for exclusions from the tariffs on certain aluminum and steel products it imported because domestic stock was insufficient to meet Prysmian's needs. Despite clear and unequivocal evidence demonstrating Prysmian's entitlement to the exclusions, the Department, through its actions and inactions, forced Prysmian to pay substantial tariffs on the subject aluminum and steel products without refunds to which Prysmian is entitled. Specifically, and as set forth in detail below, the Department:

- Improperly denied certain exclusion requests despite acknowledging the unavailability of domestic substitutes based on national security concerns that it lacked authority to consider and that were unsupported by the record.

---

[1] Certain of the exclusion requests at issue in this litigation were submitted by Prysmian's former sister company, General Cable Industries, Inc. ("General Cable"). General Cable merged into Prysmian on January 1, 2022, and Prysmian is, therefore, the successor-in-interest to General Cable. For ease of review, this Memorandum uses the term "Prysmian" to refer both to Prysmian and, where applicable, General Cable.

- Improperly refused to add Prysmian's importing agent as an authorized importer of record under a partially approved exclusion request without any legal basis for its decision and in contravention of its own guidance, thereby denying Prysmian the benefit of the exclusion.

- Improperly voided certain requests without even purporting to evaluate Prysmian's entitlement to the requested exclusions and without issuing mandatory decision memoranda responsive to the requests.

In short, the agency record confirms that, by flouting governing law and ignoring uncontroverted evidence, the Department has taken actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of 5 U.S.C. § 706(2) and has "unlawfully withheld or unreasonably delayed" agency action by refusing to satisfy its unambiguous duties in violation of 5 U.S.C. § 706(1). Prysmian is, therefore, entitled to judgment on the agency record.

## STATEMENT PURSUANT TO RULE 56.1

### I.    Administrative Determinations to be Reviewed

Prysmian challenges the following actions and inactions of the Department:

1.    The Department's July 31, 2022 denial of Prysmian's Exclusion Request ("ER") 261115, which sought an exclusion from the Section 232 aluminum tariff for certain aluminum rod procured internationally. (DN 42-1 at 3-4.)

2.    The Department's February 12, 2023 partial denial of Prysmian's ER 261137, which sought an exclusion from the Section 232 aluminum tariff for certain aluminum rod procured internationally. (DN 42-1 at 86-87.)

3. The Department's refusal to add Prysmian's importing agent, Concord Resources Limited ("Concord"), as an authorized importer of record under the portion of ER 261137 the Department granted, thus denying Prysmian the benefit of the exclusion. (DN 42-1 at 196-97.)

4. The Department's decision to void ER 402427, which sought an exclusion from the Section 232 steel tariff for certain steel coils procured internationally, via a generic "blast email" without even purporting to evaluate Prysmian's entitlement to the requested exclusion and without issuing a mandatory decision memorandum "responsive" to the exclusion request. (DN 42-7 at 64-66.)

5. The Department's decision to void ER 291723, which sought an exclusion from the Section 232 steel tariff for certain aluminum rod procured internationally, via a generic "blast email" without even purporting to evaluate Prysmian's entitlement to the requested exclusion and without issuing a mandatory decision memorandum "responsive" to the exclusion request. (DN 42-7 at 64-66.)

## II.    Issues Presented for Review

1. Whether the Department's denials of ER 261115 in full and ER 261137 in part were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the Administrative Procedures Act ("APA") 5 U.S.C. § 706(2) because (1) the Department denied the requests on "national security" grounds even though applicable law permits the Department to grant—not to deny—exclusion requests for national security reasons; (2) the Department's purported national security interest in "imposing economic costs on Russia . . . in response to the invasion of Ukraine" through its denials lacked any factual basis, as the requests were filed in November 2021 concerning procurements made *before the Russian invasion of Ukraine*, and the denials imposed no economic costs on Russia because Prysmian had already purchased the subject aluminum rod when the Department rendered its denials, and (3) the

3

administrative record does not contain a single document supporting or even mentioning the Department's determinations that granting ER 261115 and 261137 would undermine national security.

2.    Whether the Department's refusal to add Prysmian's importing agent as an authorized importer of record under partially approved ER 261137 was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of 5 U.S.C. § 706(2) because the Department's refusal lacked any legal basis and contravened its own guidance.

3.    Whether the Department has "unlawfully withheld or unreasonably delayed" agency action within the meaning of 5 U.S.C. § 706(1) by refusing, and persisting in its refusal, to satisfy its unambiguous duty to add Prysmian's importing agent as an authorized importer of record under partially granted ER 261137.

4.    Whether the Department's decision to void ER 402427 and ER 291723, communicated through a generic "blast email" based on an indefensible and incorrect interpretation of Presidential Proclamations 10895 and 10896 was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of 5 U.S.C. § 706(2)(A).

5.    Whether the Department has "unlawfully withheld or unreasonably delayed" agency action within the meaning of 5 U.S.C. § 706(1) by refusing, and persisting in its refusal, to satisfy its unambiguous duties to evaluate Prysmian's satisfaction of the eligibility criteria for obtaining the tariff exclusions sought through ER 402427 and ER 291723 and to issue a decision memorandum responsive to those requests.

## BACKGROUND

### I.    Parties

Prysmian manufactures conductive cable providing essential conductive connectivity critical to electrical power generation, transmission, and distribution in overhead, underground,

and underwater applications in the United States. To manufacture conductive cable, Prysmian requires a stable source of various specifications of aluminum rod and steel coils. Because domestic production of said aluminum rod and steel coils is insufficient to meet its current domestic production needs, Prysmian must procure significant quantities of the aluminum rod and steel coils from various companies in other countries.

The United States of America, acting by and through the Department, is a Defendant. Defendant Howard Lutnick is the Secretary of Commerce and is responsible for the actions and inactions of the Department.

## II.    Statutory and Regulatory Background

In March 2018, President Trump, acting pursuant to Section 232 of the Trade Expansion Act of 1962 (19 U.S.C. § 1862), issued a proclamation imposing a ten percent (10%) tariff on most aluminum imports based upon recommendations from the Secretary. *See* Adjusting Imports of Aluminum Into the United States, Pres. Proc. No. 9704, 83 Fed. Reg. 11,619 (Mar. 8, 2018). On the same day, President Trump issued another proclamation imposing a twenty-five percent (25%) tariff on most steel imports. *See* Adjusting Imports of Steel Into the United States, Pres. Proc. No. 9705, 83 Fed. Reg. 11,625 (Mar. 8, 2018).

The Proclamations recognized that these tariffs could have unintended consequences for U.S. businesses that rely on imports of aluminum and steel products not otherwise immediately available in the domestic market. The Proclamations, therefore, expressly directed the Department of Commerce (the "Department"), through the Secretary of Commerce, to grant exclusions from these new tariffs to U.S.-based businesses for imported aluminum and steel products that are not immediately available in sufficient quality or quantity in the United States. 83 Fed. Reg. at 11621, 11,627. The President also directed the Secretary to grant exclusions from the tariffs imposed on aluminum and steel products where warranted by "specific national security considerations." *Id.*

On March 19, 2018, the Department, through the Bureau of Industry and Security ("BIS"), issued an interim final rule setting forth the circumstances in which the Department would grant a tariff exclusion to affected United States businesses. Following a notice and comment period, on September 11, 2018, the Secretary supplemented the rules for tariff exclusion requests. *See* Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum, 83 Fed. Reg. 46026 (Sept. 11, 2018).

The rule adopted by the Department (the "Rule") sets forth the procedures for affected parties to request tariff exclusions and provides that domestic producers may object if they are capable of promptly providing the imported product in the United States. 83 Fed. Reg. 46056.[2] As required by the Proclamation, the rule establishes mandatory criteria the Department must apply when determining whether to grant or deny exclusion requests. Specifically, the Rule requires the Department to assess the following three criteria and grant an exclusion if any one of them is satisfied: (1) the article described in the request "is not produced in the United States in a sufficient and reasonably available amount," (2) the article "is not produced in the United States in a satisfactory quality," or (3) "specific national security considerations" warrant granting the request notwithstanding the availability of domestic substitutes. 83 Fed. Reg. 46058.[3]

By its plain terms, the Rule authorizes the Department to ***grant*** tariff exclusions based on national security considerations. *Id.* (emphasis added) (authorizing the Department "to make

---

[2] The Rule was originally codified at 15 C.F.R. pt. 705, supp. 1. Following its misinterpretation of Presidential Proclamations 10895 and 10896 issued on February 10, 2025, however, the Department terminated the exclusion request process and replaced the text of 15 C.F.R. pt. 705, supp. 1 with revised language. *See* 90 Fed. Reg. 18784 and DN 42-7 at 62. These subsequent revisions do not retroactively affect the validity of the exclusion requests issued when the Rule was in effect.

[3] Although the Department's Bureau of Industry and Security ("BIS") "is the lead agency deciding whether to grant steel and aluminum tariff exclusion requests," the International Trade Administration ("ITA") is charged with "analyzing requests and objections to evaluate whether there is domestic production available to meet the requestor's product needs, as provided in the exclusion requests." 83 Fed. Reg. 46027.

determinations whether a particular exclusion request ***should be approved*** based on specific national security considerations."). The examples the Rule offers for how "national security considerations" are to be applied confirm this point:

> For example, if the steel included in an exclusion request is needed by a U.S. defense contractor for making critical items for use in a military weapons platform for the U.S. Department of Defense, and the duty or quantitative limitation will prevent the military weapons platform from being produced, the exclusion will likely be granted. The U.S. Department of Commerce, in consultation with the other parts of the U.S. Government as warranted, can consider other impacts to U.S. national security that may result from ***not*** approving an exclusion, e.g., the unintended impacts that may occur in other downstream industries using steel, but in such cases the demonstrated concern with U.S. national security would need to be tangible and clearly explained and ultimately determined by the U.S. Government.

*Id.* (emphasis added). The Rule unambiguously does not authorize the Department to ***deny*** requests for tariff exclusions based on national security considerations. *See id.*

After the Department has applied the requisite criteria to the facts presented, the Rule mandates that the Department must then prepare a decision memorandum "responsive" to the exclusion request, any objections to the exclusion request, and any rebuttals or surrebuttals. 83 Fed. Reg. 46059. The Rule provides that the Department will provide CBP with information identifying each approved exclusion request so that CBP can refund tariffs previously paid by the successful exclusion requester. 83 Fed. Reg. 46060.

### III.    Prysmian's Exclusion Requests

#### A.    The Department improperly denied ER 261115 in full and ER 261137 in part based on national security concerns it lacked authority to consider and that were unsupported by the record.

On November 10, 2021, Prysmian filed a request for an exclusion from the Section 232 tariff for certain aluminum rod procured from Russia, ER 261115. (DN 42-1 at 10.) This exclusion request was limited to 8030 aluminum rod with a specific diameter and tensile strength. (DN 42-1 at 14 and 18.) Also on November 10, 2021, Prysmian filed a request for an exclusion from the

Section 232 tariff for certain aluminum rod procured from India, Bahrain, and Russia, ER 261137. (DN 42-1 at 14.) This exclusion request was limited to 1350 aluminum rod with a specific diameter and tensile strength. (DN 42-1 at 92-95.)

Although two companies, Century Aluminum Company ("Century") and Southwire Company, LLC ("Southwire"), a direct competitor of Prysmian, objected to both requests claiming they could supply Prysmian with suitable substitutes in sufficient quantities, Prysmian succeeded in demonstrating that the objectors' claims were baseless. With respect to ER 261115, ITA determined that Century's purported substitute product did "not meet any of the physical specifications" and was "not a suitable substitute" and that Southwire's "offering is neither a suitable substitute nor an identical product." (DN 42-1 at 6.) Similarly, with respect to ER 261137, ITA likewise determined that, despite their claims to the contrary, neither Century nor Southwire could provide suitable substitutes for the aluminum rod at issue. (DN 42-1 at 86.) ITA thus recommended that both ER 261115 and ER 261137 be approved because the products referenced in the requests were "not produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality." (DN 42-1 at 5, 86.)

In its decision memoranda denying ER 261115 in full and ER 261137 in part, the Department did not contest ITA's findings regarding the unavailability of domestic substitute products. To the contrary, the Department accepted ITA's findings. (DN 42-1 at 86 ("BIS accepts ITA's recommended findings as to the domestic availability of the product."); *see also* DN 42-1 at 3 (noting that its denial of ER 261115 was rendered "notwithstanding any analysis of domestic availability.").)

Despite recognizing that Prysmian was unable to secure domestic substitutes for the aluminum products at issue in ER 261115 and ER 261137—the very reason the exclusion process

was created—the Department nevertheless invoked "national security concerns" as grounds for denying ER 261115 in full and ER 261137 in part. (DN 42-1 at 3 and 86-87.) Specifically, the Department determined that the denials were warranted because ER 261115 and ER 261137 both sought tariff exclusions for aluminum products imported from Russia, and the "United States has a vital national interest in imposing economic costs on Russia and/or Belarus in response to the invasion of Ukraine."

As noted above, neither the President's Proclamation nor the Rule permit the Department to **deny** an exclusion request on national security grounds. The Department, thus, exceeded its delegated authority by doing just that. Further, the Department's purported national security concerns arising from Russia's invasion of Ukraine lack any foundation in the record or common sense, as the exclusion requests were filed in November 2021 concerning procurements made **before the invasion of Ukraine** on February 24, 2022. The denials could not have imposed economic costs on Russia because Prysmian had already purchased the subject aluminum rod when the Department rendered its denials. It is, therefore, unsurprising that the administrative record does not contain a single document supporting or even mentioning the Department's determinations that granting ER 261115 and 261137 would undermine national security.

**B.    The Department improperly refused to add Prysmian's importing agent as an authorized importer of record under the partially approved portion of ER 261137, thus denying Prysmian the benefit of the exclusion.**

As to the portion of ER 261137 that the Department granted, the Department has improperly refused to permit Prysmian to add its importing agent, Concord Resources Limited ("Concord"), as an authorized importer of record entitled to the benefit of the tariff exclusion. (DN 42-1 at 196-97.) Concord is a merchant that acts as an intermediary between suppliers and manufacturers of commodities and the purchasers of those commodities, with a focus on non-ferrous metals and associated minerals. Between February 12, 2023, and February 12, 2024, while

the exclusion granted in connection with ER 261137 was in effect, Prysmian paid Concord to acquire and supply to Prysmian the aluminum rod from India for which ER 261137 was partially granted. DN 42-1 at 97.

While ER 261137 identifies Prysmian as the importer of record, it also identifies Concord as the supplier of the aluminum rod Prysmian intended to import from India. (DN 42-1 at 97.) On April 2, 2024, Prysmian sent an email to the Department requesting that Concord be added as an authorized importer of record under ER 261137 for imports acquired during the exclusion window. (DN 42-1 at 192.) Such a request is authorized by the Department's own publication, "232 Exclusion Process Frequently Asked Questions" (the "FAQs"), which contains the following question and answer:

> Q. How can my company make changes in importer of record?
>
> A. If your company was granted an exclusion request, then you may make changes to the importer of record . . . . An additional IOR change means that the additional approved importer(s) would have full rights to use the exclusion in its entirety as the agent for the requester.

(DN 42-1 at 79.)

The Department sent a response email to Prysmian on April 2, 2024, stating that it would not add Concord as an importer of record to ER 261137 because the exclusion window had expired on February 12, 2023. (DN 42-1 at 195.) In response to Prysmian's subsequent and repeated requests that the Department identify any legal authority authorizing the Department to refuse to make changes to the importer of record as to imports acquired during an exclusion window simply because the exclusion window had closed, the Department restated its refusal without offering any legal justification. (DN 42-1 at 0196 –202.)

Internal discussions between CBP and BIS provided in the administrative record confirm the absence of any legal authority underpinning the Department's refusal to add Concord as an

authorized importer of record. For example, in its response to a request from CBP asking whether "BIS ha[s] any language concerning IOR change request not being accepted on exclusions that have expired," BIS offers no legal authority but only a vague assertion that "Customs ultimately could refer to [unidentified] guidance from BIS regarding the prospective (and not retroactive) nature of IOR Changes." (DN 42-1 at 207.)[4] Yet, contrary to BIS's response, the Department's own guidance recognizes that a change to the importer of record is a "non-substantive change" that should be permitted even "after the exclusion request has been granted." (DN 42-1 at 176.)

As a result of the Department's improper refusal to add Concord as an approved importer of record under ER 261137, CBP has not issued Concord a refund of tariffs paid on aluminum rod imported from India during the exclusion window as Prysmian's agent, which refund would ultimately be passed to Prysmian under the parties' agreement. (DN 42-1 at 195.)

C.     **The Department improperly voided ER 402427 and ER 391723 via a generic "blast email" without evaluating Prysmian's entitlement to the requested exclusions or issuing mandatory decision memoranda.**

On January 22, 2024, Prysmian filed a request for an exclusion from the Section 232 tariff for certain steel coils procured from China. (DN 42-7 at 9 (ER 402427).) The exclusion request was limited to electrolytically chromium-coated, cold-rolled, tin-free, laminated steel of a particular thickness and tensile strength, free of welds or joints. (DN 42-7 at 14.) As set forth in the exclusion request, this specialized steel product, which is essential to Prysmian's production of fiber optic and power cables, has not been produced in the United States in more than twenty years. (DN 42-7 at 21.)

On September 5, 2024, Prysmian filed a request for an exclusion from the Section 232 tariff for certain aluminum rod procured from India and Bahrain. This exclusion request was

---

[4] Similarly, an internal BIS checklist related to importer of record changes states that "[c]hanges to expired exclusions can't be processed" without reference to any legal basis for the assertion. (DN 42-1 at 187.)

limited to 1350 aluminum rod with a specific diameter and tensile strength. (DN 42-2 at 10 (ER 391723).) As set forth in the exclusion request, this specialized aluminum product was not available from domestic producers in sufficient quantities to meet Prysmian's needs. (DN 42-2 at 14.)

On February 11, 2025, the Department summarily voided ER 402427 and ER 391723 via a generic email with the subject line, "Blast Email – Section 232 Exclusions Portal." (DN 42-7 at 64-66.) The email stated as follows:

> Pursuant to Presidential Proclamation, Commerce is no longer processing Section 232 Exclusion Requests effective 11:59 PM Eastern Time on February 10, 2025. Section 232 Exclusions that have already been granted will remain effective until their expiration date or until their excluded volume is exhausted, whichever occurs first. Pending Section 232 Exclusion Requests should be assumed void pending their rejection and/or denial by Commerce.

(DN 42-7 at 66.)

Although the Department's email failed to identify the referenced "Presidential Proclamation," documents included in the administrative record reveal that the Department relied upon Presidential Proclamations 10895 and 10896, both of which were issued on February 10, 2025 and relate to imports of aluminum and steel, respectively. (DN 42-7 at 63.) Each Proclamation states that it revokes the provisions of prior proclamations "authorizing the Secretary to grant relief for certain products from the additional ad valorem duties or quantitative restrictions set forth in the prior proclamations." (Proclamation 10895 ¶ 6, published at 90 Fed. Reg. 9807; Proclamation 10896 ¶ 7, published at 90 Fed. Reg. 9817.) Contrary to the Department's implementation of the Proclamations, however, neither Proclamation states that it should be applied retroactively to void exclusion requests pending at the time of its enactment. (*See id.*) To the contrary, each Proclamation makes clear that it applies prospectively by prohibiting the Department from considering new exclusion requests on a going forward basis.

12

Proclamation 10895 states as follows:

The Secretary shall not consider any ***new product exclusion requests*** [relating to imports of aluminum], or renew any such product exclusions in effect as of the date of this proclamation. Granted product exclusions shall remain effective until their expiration date or until excluded product volume is imported, whichever occurs first.

90 Fed. Reg. 9812. Proclamation 10896 similarly provides that "the Secretary shall not consider any product exclusion requests or renew any product exclusion requests in effect" as of the date of the Proclamations issuance; that "[g]ranted product exclusions shall remain effective until their expiration date or until excluded product volume is imported, whichever occurs first;" and that "***following this proclamation***, . . . imports of any steel article . . . will be available to U.S. importers, provided that the additional ad valorem tariffs are paid." (90 Fed. Reg. 9821 and 9825 (emphasis added).)

An internal BIS memorandum provided in the administrative record establishes that, despite its decision to void all pending exclusion requests, even BIS recognized that the Proclamations, by their plain language, called for prospective application to ***new*** exclusion requests. (DN 42-7 at 62 ("Presidential Proclamations 10895 and 10896 of February 10, 2025 direct that the Secretary shall not consider ***any new*** Section 232 Exclusion Requests . . . .") (emphasis added).) In short, Proclamations 10895 and 10896 provide no authority for the Department's decision to void Exclusion Requests 402427 and 391723 since those requests were submitted prior to, and were pending at the time of, the Proclamations' issuance. A contrary interpretation would lead to absurd results where parties who filed equally meritorious exclusion requests on the same date experience different outcomes based simply on the order in which the Department chose to process their requests.

The Department's email voiding ER 402427 and ER 391723 did not even purport to consider whether the requests satisfy the eligibility criteria established by the Rule. Nor did the

Department's post hoc decision memoranda issued on March 11, 2025—*after* the Department had already voided the requests—cure the February 11, 2025 blast email's legal defects, since they explicitly state that they, too, were rendered "without any determination on the merits of the specific exclusion request or its associated record in the Section 232 Exclusions Process." (DN 42-2 at 3; DN 42-7 at 2.) In other words, the Department, by its own admission, never rendered a decision on the merits of either ER 402427 or ER 391723.

## LEGAL FRAMEWORK

The APA provides that a Court shall set aside a challenged agency action if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). While "a court is not to substitute its judgment for that of the agency" when conducting such a review, "courts retain a role, and an important one, in ensuring that agencies have engaged in reasoned decisionmaking." *Judulang v. Holder,* 565 U.S. 42, 53 (2011). The Court should "assess . . . whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.* (quotations and citations omitted). "That task involves examining the reasons for the agency decisions - or, as the case may be, the absence of such reasons." *Id.*

The Supreme Court has instructed that agency action is arbitrary and capricious if:

the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of US., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983). "Agency action based on a factual premise that is flatly contradicted by the agency's own record does not constitute reasoned administrative decisionmaking, and cannot survive review

under the arbitrary and capricious standard." *City of Kansas City, Mo. v. Dep't of Hous. & Urban Dev.,* 923 F.2d 188, 194 (D.C. Cir. 1991).

Critically, in order for there to be meaningful judicial review, the agency must, in the first instance, "not only have reached a sound decision, but have articulated the reasons for that decision." *In re Sang Su Lee,* 277 F.3d 1338, 1342 (Fed. Cir. 2002). In other words, the agency "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n.,* 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)).

Additionally, the APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed" where the plaintiff identifies a discrete agency action that the agency was legally required to undertake but failed to perform. 5 U.S.C. § 706(1). *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) ("SUWA"). In other words, where the agency has a "legal duty" that is "ministerial or nondiscretionary" and amounts to "a specific, unequivocal command," its failure to execute that legal duty should be remedied by an order compelling such action under § 706(1). *Id.* at 63–64.

## ARGUMENT

**I.    The Department's denials of ER 261115 in full and ER 261137 in part based on invalid and unauthorized national security considerations were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."**

This Court should hold unlawful and set aside the Department's denials of ER 261115 in full and ER 261137 for the following reasons:

***First***, the Department violated Proclamation 9704 and its own Rule by denying the exclusion requests based on national security concerns. As discussed above, Proclamation 9704 and the Rule authorize the Department to ***grant*** tariff exclusions based on national security considerations. 83 Fed. Reg. 11619, 46058 (emphasis added) (authorizing the Department "to

make determinations whether a particular exclusion request ***should be approved*** based on specific national security considerations."). The Proclamation and the Rule unambiguously do not authorize the Department to ***deny*** requests for tariff exclusions based on national security considerations. *See id.* Having determined that Prysmian could not secure domestic substitutes for the aluminum products at issue in ER 261115 and ER 261137, the Department was obligated under the Rule to grant these exclusion requests. *Id.*

The Department nevertheless denied both ER 261115 and ER 261138 purely on national security grounds. In doing so, the Department exceeded its delegated authority and violated both Proclamation 9704 and its own Rule, rendering the denials legally unsustainable. *Way of Life Television Network, Inc. v. FCC.*, 593 F.2d 1356, 1359 (D.C. Cir. 1979) ("It is a well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant action."); *Policy & Research, LLC v. United States Dep't of Health & Human Servs.*, 313 F. Supp. 3d 62, 83 (D.D.C. 2018) ("Under the most elementary precepts of administrative law, an agency . . . cannot undertake to act in a manner that is contrary to its own regulations.").

***Second***, the Department's expressed national security concerns arising from Russia's invasion of Ukraine lack any foundation in the record or common sense, as the exclusion requests were filed in November 2021 concerning procurements made ***before the invasion of Ukraine***, and the denials imposed no economic costs on Russia because Prysmian had already purchased the subject aluminum rod when the Department rendered its denials. Indeed, apart from the passing references to national security in the decision memoranda themselves, the administrative record is devoid of even a single document supporting or even mentioning the Department's determinations that granting ER 261115 and 261137 would undermine national security.

16

Thus, even if the Department had authority to deny exclusion requests based on national security considerations (it does not), the denials should still be set aside. *Motor Vehicle Mfrs. Ass'n*, 463 U.S.at 43 (agency decisionmaking is arbitrary and capricious where the agency "offered an explanation for its decision that runs counter to the evidence before the agency."); *Mizerak v. Adams,* 682 F.2d 374, 376 (2d Cir. 1982) ("[A]n agency decision is arbitrary and must be set aside when it rests on a crucial factual premise shown by the agency's records to be indisputably incorrect."); *In re Sang Su Lee*, 277 F.3d at 1346 ("Sound administrative procedure requires that the agency . . . present its reasoning in sufficient detail that the court may conduct meaningful review of the agency action.").

## II.    The Department's improper refusal to add Concord as an authorized importer of record under partially approved ER 261137 should be set aside as unlawful, and the Secretary should be compelled to perform his unambiguous duty to add Concord to the granted exclusion.

The Department refused to add Concord as an authorized importer of record as to aluminum products it acquired on Prysmian's behalf when partially granted ER 261137 was in effect because the exclusion window was closed when the request to add Concord was made. But no legal authority supports the Department's determination that the expiration of an exclusion window precludes the addition of an importer of record as to purchases made while the exclusion window was open. On the contrary, the Department's own guidance recognizes that a change to the importer of record is a "non-substantive change" that should be permitted even "after the exclusion request has been granted." (DN 42-1 at 176.)

In response to Prysmian's repeated requests that the Department identify any legal authority justifying its refusal, the Department simply restated its conclusion that "BIS does not accept retrospective changes to the Importer(s) of Record associated with expired Exclusion Requests" without offering any legal justification. (DN 42-1 at 0196 –202.) The Department

17

similarly could not identify any legal basis for its refusal to add Concord as an importer of record in response to pointed questions from CBP that it do so.

Because the Department's decision rests on nothing more than its "because-I-said-so" rationale, this Court should hold unlawful and set aside the Department's refusal to add Concord as an importer of record under partially approved ER 261137. *In re Sang Su Lee*, 277 F.3d at 1344 ("For judicial review to be meaningfully achieved . . . the agency tribunal must present a full and reasoned explanation of its decision."); *Ultratec, Inc. v. CaptionCall, LLC,* 872 F.3d 1267, 1274 (Fed. Cir. 2017) (a court "cannot affirm agency decision-making where the agency fails to provide a reasoned basis for its decision").

Moreover, because Prysmian's request was proper and authorized by the Department's own FAQs, which recognize that a change to the importer of record is a ministerial change that should be permitted even after an exclusion request has been granted, this Court should order the Secretary, on behalf of the Department, to satisfy his unambiguous duty to add Concord as an authorized importer of record under ER 261137. *SUWA*, 542 U.S. at 63-64 (stating that courts should compel agencies to perform "ministerial or nondiscretionary" acts they have failed to undertake despite being "legally required" pursuant to 5 U.S.C. § 706(1)).

**III. The Court should set aside as unlawful the Department's decision to void ER 402427 and ER 391723 and should compel the Secretary to perform his unambiguous duties to evaluate Prysmian's entitlement to the requested exclusions and issue reasoned decision memoranda.**

As noted above, the Department voided both ER 402427 and ER 391723 and communicated that to Prysmian through generic "blast emails" without even claiming to have considered whether the requests satisfy the eligibility criteria established by the Rule and without issuing mandatory decision memoranda "responsive" to the requests. The Department predicated its decision to void the exclusion requests on Presidential Proclamations 10895 and 10896, issued

18

on February 10, 2025. Neither proclamation, however, grants the Department authority to void an exclusion request pending when the proclamation was issued.

Each Proclamation states that it revokes the provisions of prior proclamations "authorizing the Secretary to grant relief for certain products from the additional ad valorem duties or quantitative restrictions set forth in the prior proclamations." 90 Fed. Reg. 9813 and 9825. Yet each Proclamation also makes clear that it applies prospectively by prohibiting the Department from considering new exclusion requests on a going-forward basis. *See* 90 Fed. Reg. 9812 ("The Secretary shall not consider any ***new product exclusion requests*** . . . .").

Proclamations 10895 and 10896 thus provide no authority for the Department's decision to void ER 402427 and ER 391723 because those requests were submitted prior to, and were pending at the time of, the Proclamations' issuance. As such, the Court should set aside and hold unlawful the Department's decision. *Solenex, LLC v. Haaland*, 626 F. Supp. 3d 110, 126 (D.D.C. 2022) (an agency decision that "was predicated on an incorrect interpretation of the law . . . must be set aside" pursuant to 5 U.S.C. 706(2)).

For these same reasons, the Department has no justification for its refusal to satisfy its unambiguous duties to evaluate whether ER 402427 and ER 391723 satisfy the eligibility criteria established by the Rule for obtaining tariff exclusions and to issue mandatory decision memoranda responsive to the requests. This Court should therefore compel the Secretary to perform these "nondiscretionary" acts he is "legally required" to undertake. 5 U.S.C. § 706(1); *SUWA*, 542 U.S. at 63-64.

## CONCLUSION

For the foregoing reasons, Prysmian respectfully requests that this Court enter judgment as follows:

1.     Declaring that Prysmian is entitled to the requested exclusions from the Section 232 tariffs sought by ER 261115, ER 261137, ER 391723, and ER 402427 in accordance with Proclamations 9704 and 9705 and 83 Fed. Reg. 46056;

2.     Declaring that the Department's denials of ER 261115, ER 261137, ER 391723, and ER 402427 were arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

3.     Declaring that the Department's refusal to grant Prysmian's request to add Concord as an authorized importer of record under ER 261137 was arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

4.     Compelling the Secretary, on behalf of the Department, to satisfy his unambiguous duty to add Concord as an authorized importer of record under ER 261137;

5.     Compelling the Secretary, on behalf of the Department, to satisfy his unambiguous duties to evaluate Prysmian's satisfaction of the eligibility criteria for obtaining tariff exclusions with respect to ER 391723 and ER 402427 and to issue a decision memorandum responsive to ER 391723 and ER 402427;

6.     Alternatively, remanding the matter to the Department for proper treatment and consideration, in accordance with the requirements of the Administrative Procedure Act; and

7.     Awarding Prysmian such other relief as the Court deems just and proper.

Dated: June 5, 2025
Lexington, Kentucky

Respectfully submitted,

*/s/Brad S. Keeton*
Brad S. Keeton
FROST BROWN TODD LLP
Lexington Financial Center
250 W. Main Street, Suite 2800
Lexington, KY 40507
(859) 231-0000
bkeeton@fbtlaw.com
*Counsel for Plaintiff Prysmian*
*Cables and Systems, USA, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B), the undersigned certifies that Plaintiff's Memorandum of Law in Support of Motion for Judgment on the Agency Record, filed on June 5, 2025, complies with the word limitation requirement. The word count for Plaintiff's Memorandum of Law, as computed by undersigned counsel's word processing system, is approximately 6,910 words.

*/s/Brad S. Keeton*
Counsel for Plaintiff Prysmian
Cables and Systems, USA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

*/s/Brad S. Keeton*
Counsel for Plaintiff Prysmian
Cables and Systems, USA, LLC

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN A. VADEN, JUDGE

|  |  |
|---|---|
| PRYSMIAN CABLES AND SYSTEMS, USA, LLC<br><br>　　　　　Plaintiff,<br><br>　- against -<br><br>UNITED STATES<br><br>and<br><br>HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*,<br><br>　　　　　Defendants. | Case No.　24-00101 |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Judgment on the Agency Record, and all other papers and proceedings herein; it is hereby **ORDERED** that Plaintiff's Motion be, and hereby is, **GRANTED**; and it is further **ORDERED** that:

1.　　Prysmian is entitled to the requested exclusions from the Section 232 tariffs sought by ER 261115, ER 261137, ER 391723, and ER 402427 in accordance with Proclamations 9704 and 9705 and 83 Fed. Reg. 46056;

2.　　The Department's denials of ER 261115, ER 261137, ER 391723, and ER 402427 were arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

3.　　The Department's refusal to grant Prysmian's request to add Concord as an authorized importer of record under ER 261137 was arbitrary and capricious or otherwise unlawful in violation of the Administrative Procedure Act (5 U.S.C. §§ 701 et seq.);

4.      The Secretary, on behalf of the Department, shall satisfy his unambiguous duty to add Concord as an authorized importer of record under ER 261137;

5.      The Secretary, on behalf of the Department, shall satisfy his unambiguous duties to evaluate Prysmian's satisfaction of the eligibility criteria for obtaining tariff exclusions with respect to ER 391723 and ER 402427 and to issue a decision memorandum responsive to ER 391723 and ER 402427;

6.      Alternatively, ER 261115, ER 261137, ER 391723, and ER 402427 are hereby remanded to the Department for proper treatment and consideration, in accordance with the requirements of the Administrative Procedure Act.



_____
Judge
United States Court of International Trade




Dated: _____
      New York, N.Y.

Tendered by:

FROST BROWN TODD LLP

*/s/ Brad S. Keeton*
Brad S. Keeton
Lexington Financial Center
FROST BROWN TODD LLP
250 W. Main Street, Suite 2800
Lexington, KY 40507
(859) 231-0000
bkeeton@fbtlaw.com
*Counsel for Plaintiff Prysmian Cables*
*and Systems, USA, LLC*

2799560.0783731  4917-0903-7386v4